**UNITED STATES v. KLAIA.**

**No. 236.**

Circuit Court of Appeals, Second Circuit.

April 8, 1942.

530

Thomas J. McKenna, of Buffalo, N. Y., for appellant.

Robert M. Hitchcock, Asst. U. S. Atty., of Buffalo, N. Y. (George L. Grobe, U. S. Atty., of Buffalo, N. Y., on the brief), for appellee.

Before AUGUSTUS N. HAND, CLARK, and FRANK, Circuit Judges.

PER CURIAM.

We think the search warrant here under attack complied with the law. 18 U.S.C.A. §§ 613-616, 621, 622. The original was properly dated; that the date was inadvertently omitted from the copy was at most an error "of such a trivial nature that no resulting prejudice to the defendant is conceivable." Johnson v. United States, 6 Cir., 46 F.2d 7, 9. The description of the place of the search was adequate, referring, as it did, to a two-story frame house located on the south side of a certain drive in the town, being the "second premises west" of another named road. This was more or less open country; the place was the second house from the crossroad; and the officer could, "with reasonable effort, ascertain and identify the place intended," even though on the town's tax assessment rolls this was the fourth parcel when vacant land was included. Steele v. United States (No. 1), 267 U.S. 498, 503, 45 S.Ct. 414, 69 L.Ed. 757; United States v. Falcone, 2 Cir., 109 F.2d 579, 582, affirmed 311 U.S. 205, 61 S.Ct. 204, 85 L.Ed. 128. The facts recited in the warrant referring to a sale of wine established a violation of the statute, 26 U.S.C.A. Int. Rev.Code, § 3253. While this section does not specifically include a vendor of wine as a "retail liquor dealer," § 3254 does give that exact definition, "except as otherwise provided." To say that the enumeration in the earlier section is "as otherwise provided" is stultifying and would render this precise statutory definition nugatory. See Ledbetter v. United States, 170 U.S. 606, 610, 611, 18 S.Ct. 774, 42 L.Ed. 1162. The commissioner had probable cause to issue the warrant. Even without the affidavits not taken by him, the commissioner did have the investigators' own affidavits, showing, among other things, that a car was driven to the place, that various jugs and bottles were loaded therein, that these, as the officers found, actually contained wine, and that the place was not authorized by the issuance of stamp taxes to make wine sales. This was sufficient to warrant men of prudence and caution and experience in believing that the offense had been committed. Steele v. United States (No. 1), supra, 267 U.S. at page 505, 45 S.Ct. 414, 69 L.Ed. 757. The search produced ample evidence to sustain the conviction.

Affirmed.