EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.* DOMINGO ACEVEDO VERA, acusado y apelante.

Núm. 13991.—*Sometido:* Noviembre 10, 1949.   *Resuelto:* Noviembre 21, 1949.

---

*Santiago Polanco Abréu,* abogado del apelante; *Hon. Procurador General Vicente Géigel Polanco, J. Rivera Barreras, Fiscal del Tribunal Supremo* y *Fernando Fornaris, Jr., Fiscal Auxiliar,* abogados de El Pueblo, apelado.

EL JUEZ ASOCIADO SEÑOR SNYDER emitió la opinión del tribunal.

El apelante fué acusado de tener en su poder una libreta de números y letras, los cuales se usan y pueden utilizarse para el juego ilegal de la *"bolita"*, en violación de la sección 4, Ley núm. 220, Leyes de Puerto Rico de 1948 ((1) pág. 739).([1]) Fué convicto y sentenciado a cumplir seis meses de cárcel. El primer error señalado es que la prueba no fué suficiente para sostener la acusación.

La prueba ofrecida por El Pueblo fué que varios detectives allanaron la residencia del acusado en cumplimiento de una orden de allanamiento; que el acusado tenía establecida una quincalla en uno de los cuartos de su casa; que bajo un mostrador en el cuarto indicado los detectives encontraron una libreta color gris de las denominadas *"Order Book"*; que varias páginas de esta libreta estaban dedicadas a cuentas

---

([1])La sección 4 prescribe en parte como sigue:

"Toda persona que fuere sorprendida portando o conduciendo o que tuviere en su poder en cualquier concepto cualquier papeleta, billete, *ticket*, libreta, lista de números o letras, boletos o implementos que pudieren usarse para los juegos ilegales de la "Bolita", "Boli-pool", combinaciones relacionadas con los "Pools" o bancas de los hipódromos de Puerto Rico y loterías clandestinas, y toda persona que poseyere, vendiere, o en cualquier forma transportare éstos o cualesquiera otros análogos que se pudieren utilizar o usar en dichos juegos ilícitos, o conectados con la práctica de los mismos, incurrirá en delito público . . .''

corrientes y cuentas atrasadas, pero que también la libreta contenía lo siguiente:

| | |
|---|---|
| "077 | 200 |
| 078 | 150 |
| 110 | 100 |
| 109 | 1840 |
| 565 | 400 |
| 566 | 250 |
| Series | 3.00 P |
| Series | 1.00 P |
| | 33.40" |

También hubo evidencia de que los números anteriormente copiados y las palabras "serie" o "series" se utilizaban para jugar *bolita*, toda vez que la *bolita* se juega apostando a números del 000 al 999, de acuerdo con las últimas tres cifras de las Loterías de Puerto Rico y Santo Domingo; y que "serie" significa la numeración de tres números o guarismos de la lotería clandestina. Los detectives también declararon que el acusado había admitido que la libreta era de su pertenencia, que él había sido bolitero, y que los números indicados eran números viejos de bolipool.

El acusado declaró que la libreta era de su propiedad, pero que era de su negocio y no tenía relación alguna con la *bolita*. En la repregunta, declaró que "077–200" quería decir 77 yardas de tela y 200 significaba 200 yardas o 2 dólares, pero no pudo explicar por qué le ponía ceros en las cifras 078 y 077; que "p" significaba pagado, o cualquier otra cosa y finalmente admitió que "él hizo esos números así a la loca, sin saber lo que querían decir, sin significar nada."

Creemos que del expediente aparece evidencia suficiente para sostener la convicción. El acusado admitió tener en su poder y ser el dueño de la libreta. Aunque posteriormente lo negó y durante el juicio dió una explicación fantástica acerca de los números anteriormente relacionados, el récord contiene además una admisión del acusado de que estas cifras eran

números de *bolita*. Es verdad que calificó esta declaración diciendo que eran "números viejos" de *bolita*. Pero evadir el impacto de la sección 4 no es tan fácil. Las admisiones del acusado, conjuntamente con las declaraciones de los detectives, las cuales demostraron que estas cifras "podían" ser utilizadas para jugar *bolita*, era suficiente para demostrar una infracción de la sección 4. Nada encontramos en la sección 4 que requiera que los objetos deban tenerse a mano para ser usados en un *futuro* juego de *bolita*. Por el contrario, como resolvimos en *Pueblo* v. *De Jesús*, 70 D.P.R. 37, 42-43, la posesión de objetos que han sido utilizados o están siendo utilizados para jugar *bolita* constituye una infracción de la sección 4.

■ El segundo error señalado es que la corte inferior erró al desestimar la moción de supresión de evidencia ocupada como resultado del registro de la residencia del acusado. El acusado no solicitó la supresión de evidencia antes del juicio y no objetó su admisión durante el mismo. Hizo la moción por primera vez al terminar de desfilar la prueba de defensa. La solicitud fué por lo tanto tardía y no podía ser considerada por no caer dentro de las excepciones establecidas en *Pueblo* v. *Nieves*, 67 D.P.R. 305.

*La sentencia de la corte de distrito será confirmada.*