EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.* CONCEPCIÓN FRANCHI CORTÉS, acusado y apelante.

Número 15855.

*Sometido:* 4 de abril de 1955. *Resuelto:* 11 de mayo de 1955.

*Luis A. Noriega,* abogado del apelante; *Hon. Secretario de Justicia José Trías Monge* y *Rafael L. Ydrach Yordán, Fiscal del Tribunal Supremo,* abogados de El Pueblo, apelado.

EL JUEZ ASOCIADO SEÑOR NEGRÓN FERNÁNDEZ emitió la opinión del Tribunal.

El Fiscal del Tribunal Superior, Sala de Ponce, acusó a Concepción Franchi Cortés de una infracción a la Ley de Bolita—Ley núm. 220 aprobada el 15 de mayo de 1948 ( (1) pág. 739)—consistente en que el día 8 de mayo de 1953 "tenía en su posesión o custodia en su residencia, una lista con números de tres cifras y otros números a la derecha, a sabiendas de que dichos números de tres cifras eran para jugarse en relación con el juego prohibido de la Bolita o Boli-pool..."
Oportunamente el acusado impugnó la validez de la orden de allanamiento, y solicitó la supresión de la evidencia ocupada, fundándose en que la declaración jurada que motivó la expedición de la orden era insuficiente para determinar causa pro-

bable. El tribunal declaró sin lugar dicha impugnación y, celebrado el juicio, declaró culpable al acusado de la infracción imputádale, y le sentenció a cumplir una pena de 6 meses de cárcel.

En apelación tres son los errores que señala. El primero va dirigido a atacar la resolución del tribunal sentenciador que declaró sin lugar su impugnación a la orden de allanamiento. Los otros dos van dirigidos a impugnar, uno, la suficiencia, y el otro, la apreciación de la prueba. Veamos.

■ La declaración jurada del agente policíaco José A. Rivera, que sirvió de base a la expedición de la orden, en lo pertinente dice así:

"Que me consta de propio conocimiento, que el querellado Concepción Franchi que reside en la residencia antes descrita, manipula Banca de Lotería Clandestina, generalmente conocidas por Bancas de Bolipool y Bolita, porque mientras el declarante se encontraba dando una recorrida por la Bda. Bélgica, calle 6, de Ponce, P. R., el día 27 de abril de 1953, como a eso de 7 de la noche pasé frente a la residencia del querellado y ví a Concepción Franchi, que le mostraba a una señora que se encontraba en el interior de su casa, billetes o tickets, en diferentes colores y listas con números de tres cifras, que el querellado al notar mi presencia corrió y cerró la puerta del frente de su casa, los que no pude ocupar por no estar provisto de una orden de allanamiento."

La anterior declaración es, a nuestro juicio, insuficiente para establecer la causa probable que requiere tanto la Sección 10 del Artículo II de la Constitución del Estado Libre Asociado de Puerto Rico como el art. 503 del Código de Enjuiciamiento Criminal. La afirmación que hace el declarante, al comienzo de la declaración arriba transcrita, de que "me consta de propio conocimiento" que el acusado manipula una Banca de Bolita o Bolipool, es una conclusión suya que trata de respaldar con los hechos que a base de su observación personal, seguidamente pasa a exponer. Es a base de los hechos, y no de la conclusión, que debe hacer el Juez su determinación de causa probable. La observación personal del declarante, según por él expuesta, fué la siguiente: al pasar, alrededor

de las 7 de la noche, frente a la residencia del acusado, vió que éste le mostraba a una señora que se encontraba en el interior de su casa *billetes o tickets*, en diferentes colores, y listas *con números de tres cifras*, y que el acusado, al notar su presencia, corrió y cerró la puerta del frente de su casa.    No dice el declarante *qué clase* de billetes o tickets mostraba el acusado.    Los identifica únicamente como *de diferentes colores*.    En cuanto a las listas, las describe como listas *con números de tres cifras*, sin que en su declaración haga descripción otra alguna de la que pueda derivarse la relación de esas listas de números de tres cifras con el juego prohibido de la Bolita.    Listas con números de tres cifras pueden o no estar relacionadas con el juego ilegal de la Bolita, pero *per se* no constituyen material típico de dicho juego.

 Lo que constituye material típico del juego de la Bolita, según expusimos en *Pueblo* v. *Mantilla*, 71 D.P.R. 36, 52 son las listas con números de tres cifras, *seguidas por un guión y otra cifra*, ya que al primer número es *al que se le apuesta* y el número que sigue al guión es *el importe de lo que que se apuesta*.    Así nos expresamos en el caso de Mantilla, supra:

"En los errores cuarto y quinto la acusada ataca la apreciación que de la evidencia hizo la corte inferior.    La prueba demuestra que tres detectives registraron la casa de la apelante, de conformidad con la orden de allanamiento;  que entre las cosas que encontraron había *listas con números de tres cifras, seguidas por un guión y otra cifra;*  que la bolita se juega *apostando a un número de tres cifras;*  que *en una lista de bolita el primer número es al que se le apuesta;  que el número después del guión es el importe de la apuesta;*  y que estas listas *eran números de bolita, ya que cumplían con la anterior descripción de listas de números de bolita.*

"La acusada no ofreció prueba alguna para controvertir esta evidencia.    Tampoco refutó la prueba de que la bolita se juega en la forma descrita.    En verdad, hemos tenido ante nuestra consideración tantos casos en que esto se ha demostrado, que casi podemos tomar conocimiento judicial de que en Puerto Rico la bolita por lo general se juega apostándole a los números del

000 al 999, confrontándolos con las tres últimas cifras de las loterías de Puerto Rico o Santo Domingo, o con el 'pool' de los hipódromos locales, y que las listas de bolita consisten de una serie de tres cifras, seguidas por un guión y el importe de la apuesta.   Véase, por ejemplo, *Pueblo* v. *Acevedo*, 70 D.P.R. 562. En ausencia de prueba en contrario, la corte de distrito por tanto tenía derecho a concluir que las listas de números introducidas en evidencia no podían ser usadas para ningún otro fin que no fuera para jugar bolita." *Pueblo* v. *Mantilla*, 71 D.P.R. 52. (Bastardillas nuestras.)

El fundamento expuesto en el caso de Mantilla, supra,—si bien allí se trataba de la suficiencia de la prueba en la etapa del juicio es *a fortiori* aplicable a la etapa previa del registro o allanamiento, la causa probable para el cual, determinada por el Juez a base de la declaración jurada, es la llave que abre autorizadamente las puertas al Estado para el registro del hogar del ciudadano, quien está protegido por la ley fundamental contra registros o allanamientos irrazonables.

La otra circunstancia que se desprende de la declaración del agente es que el querellado, al notar su presencia, corrió y cerró la puerta del frente de la casa.   Difícil resulta—en ausencia de afirmación alguna de parte del declarante de la que se desprenda el carácter delictivo *per se* de los billetes o de la lista que el acusado mostraba—determinar que existe causa probable para un allanamiento, el que un ciudadano cierre la puerta de su residencia al notar la presencia de un agente del orden público.   Para que de esa actuación pueda derivarse por el Juez que expide la orden la inferencia de una conciencia culpable que le deje "plenamente convencido de que hay fundamento para la petición o causas legítimas para creer en la existencia de tales fundamentos," art. 506 Código de Enjuiciamiento Criminal, tiene que estar unida a hechos en sí delictivos que puedan dar base a dicha inferencia.   La observación de *billetes* o *tickets*, sin otra descripción que los conectara con los billetes o tickets de los que se usan en el juego de la Bolita o Bolipool, y la observación de una lista con *nú-*

*meros de tres cifras*, sin identificar ésta con las listas típicas usadas en el juego de la bolita—tres cifras, guión y otras cifras a la derecha—no acusa hechos delictivos en sí, y nada agrega, para la determinación de causa probable, la circunstancia de que el ciudadano cerrara la puerta al notar la presencia de un agente del orden público. La función judicial de determinar causa probable tiene que estar respaldada por hechos de los que razonablemente pueda inferirse que se está violando la ley. En el presente caso, el material descrito por el agente era material susceptible de uso inocente, y no puede servir de base para hacer tal determinación, en ausencia de otros hechos en la declaración jurada que tiendan a conectar ese material con el juego ilegal de la bolita.

Por lo expuesto, somos de opinión que la declaración jurada era insuficiente para la determinación de causa probable y, en consecuencia nula la orden de allanamiento expedida e ilegal el registro verificado, y, por ello, inadmisible la evidencia obtenida en el mismo. Erró por tanto el tribunal sentenciador al declarar sin lugar la moción del acusado sobre nulidad de la orden de allanamiento y supresión de evidencia. Esta conclusión hace innecesario considerar los demás señalamientos de error.

*La sentencia será revocada y absuelto el acusado.*