EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.* RAFAEL VIRUET ROSA c/p MARTÍN VIRUET ROSA, acusado y apelante.

Número 16323.

*Sometido:* 5 de mayo de 1958. *Resuelto:* 19 de mayo de 1958.

*Juan Mari Bras,* abogado del apelante; *Hon. Secretario de Justicia J. B. Fernández Badillo, Arturo Estrella, Secretario Auxiliar de Justicia, Alfredo Archilla Guenard* y *William Fred Santiago, Fiscal* y *Fiscal Auxiliar del Tribunal Supremo,* respectivamente, abogados de El Pueblo, apelado.

*PER CURIAM:* Se acusó al apelante de infringir la sec. 4 de la Ley núm. 220 de 1948 (Leyes, pág. 739) conocida como Ley de la Bolita.(¹) Declarada sin lugar una moción de supresión de evidencia y celebrado el juicio correspondiente, se halló culpable al acusado, imponiéndosele una pena de seis meses de prisión. No conforme con la anterior sentencia, ha interpuesto este recurso de apelación donde sostiene que el tribunal sentenciador incurrió en manifiesto error en la apreciación de la prueba y, en su consecuencia, al no decretar la absolución perentoria del acusado. Alega que la prueba ofrecida y admitida no logró conectar el material hallado en poder del apelante con la manipulación del juego de la bolita, requisito que exige el caso de *Pueblo* v. *Mantilla,* 71 D.P.R. 36 (1950).

■■ Aparece de autos que en la residencia del acusado se realizó un allanamiento por varios policías encontrándose en el cajón de una mesa un papel cuadrado conteniendo dos números de tres cifras, guión y un número a la derecha. Dicho papel fué ofrecido y admitido en evidencia sin objeción del acusado. El policía Emilio Torres, uno

---

(¹) La sec. 4 de la Ley núm. 220 dispone en su parte pertinente lo siguiente:

"Toda persona que fuere sorprendida portando o conduciendo o que tuviere en su poder en cualquier concepto cualquier papeleta, billete, ticket, libreta, lista de números o letras, boletos o implementos que pudieren usarse para los juegos ilegales de la 'Bolita', 'Bolipool', combinaciones relacionadas con los 'Pools' o bancas de los hipódromos de Puerto Rico y loterías clandestinas, y toda persona que poseyere, vendiere, o en cualquier forma transportare éstos o cualquiera otros análogos que se pudieren utilizar o usar en dichos juegos ilícitos, o conectados con la práctica de los mismos, incurrirá en delito público . . ." ("o" en bastardilla nuestra). Por interpretación de este Tribunal en *Pueblo* v. *Mantilla,* 71 D.P.R. 36, 42 (1950) la conjunción "o" (en bastardilla) debe sustituirse por la conjunción "y".

de los que realizaron el allanamiento, declaró lo siguiente, inmediatamente después de haber identificado el papel:

"¿Qué es eso de bolita y bolipul? ¿Cómo se juega?

"Es una lotería clandestina que se compone de mil tantos, o sea, desde el 000 hasta el 999 y se juega en combinación con las últimas tres cifras de la Lotería de Puerto Rico. La persona agraciada con ese número de tres cifras gana un premio. Gana un premio en dinero.

"FISCAL: ¿Qué relación hay entre los números de tres cifras seguidos de guión con el juego de la bolita?

"TESTIGO: Que el número de tres cifras, por ejemplo, el número en sí de tres cifras es el número que se juega y el número a la derecha es la cantidad de chavos que se va jugando exactamente.

"Nada más con el testigo."

Esta fue toda la prueba documental y testifical que presentó El Pueblo y la misma no fue controvertida. El acusado no ofreció prueba alguna. Sostiene ahora que "En este caso no se probó por el Pueblo de Puerto Rico conexión alguna entre el papelito allanado y el juego de la Bolita" y que . . . "no hay prueba de que el acusado estuviera jugando bolita con ese papel, ni siquiera de que él estuviera utilizando ese papel, o estuviera en su casa al tiempo del allanamiento. No hay prueba tampoco de que el acusado fuera un jugador o vendedor de bolipul."

No tiene razón el apelante. La sec. 4 de la Ley núm. 220 castiga la mera posesión de materiales de bolita. Como dijimos en el citado caso de *Mantilla* (a la pág. 53), al discutir ampliamente esta cuestión, " . . . se presenta un punto diferente cuando como ocurre aquí los materiales no son susceptibles de uso inocente, sino que son de tal naturaleza que no pueden ser usados para otra cosa que no sea para manipular la bolita. Bajo estas circunstancias, una infracción de la sección 4 se establece mediante prueba de la posesión de tales materiales; no se requiere evidencia adicional de la conexión con un juego de bolita, precisamente porque los propios materiales establecen la referida conexión." Pro-

bada la posesión por el acusado de tales materiales, se ha cumplido con el precepto legal y huelga, por consiguiente, probar otros elementos de relación entre el acusado y los materiales de bolita.

Podría argumentarse que en este caso, contrario al de *Mantilla*,[2] el único testigo presentado por el Pueblo no hizo la afirmación expresa de que los números ocupados en la casa del apelante eran de bolita sino que se limitó a describir la manera corriente de jugar a la bolita. Sin embargo, una vez admitidos en evidencia los números ocupados en la casa del acusado, siendo éstos de la clase descrita por el testigo de cargo como números de bolita, y no habiendo el acusado ofrecido prueba para refutar que la bolita se juega de la manera descrita por el testigo, ni para explicar la procedencia de los números, obviamente se ha cumplido con el requisito de prueba y el tribunal de instancia actuó correctamente al concluir que los números ofrecidos en evidencia no podían usarse para otro fin que no fuera para jugar bolita. Además, ya hemos descrito en varias ocasiones lo que en Puerto Rico constituye material típico de bolita—*Pueblo* v. *Mantilla*, supra; *Pueblo* v. *Franchi*, 78 D.P.R. 308, 311 (1955); *Pueblo* v. *Rivera de Jesús*, 79 D.P.R. 742, 750 (1956)—y esa descripción cuadra a los números ocupados al apelante.

*Se confirma la sentencia del Tribunal Superior.*

---

[2] "En los errores cuarto y quinto la acusada ataca la apreciación que de la evidencia hizo la corte inferior. La prueba demuestra que tres detectives registraron la casa de la apelante, de conformidad con la orden de allanamiento; que entre las cosas que encontraron había listas con números de tres cifras, seguidas por un guión y otra cifra; que la bolita se juega apostando a un número de tres cifras; que en una lista de bolita el primer número es al que se le apuesta; que el número después del guión es el importe de la apuesta; *y que estas listas eran números de bolita, ya que cumplían con la anterior descripción de listas de números de bolita.*" (Bastardillas nuestras.) 71 D.P.R. 52.