THE PEOPLE OF PUERTO RICO, Plaintiff and Appellee, *v.* AUGUSTO LUCIANO MARTÍNEZ, k/a JUSTO ALVARADO, Defendant and Appellant.

No. 17067. Decided September 8, 1961.

*William Morales Torres* for appellant. *Arturo Estrella, Acting Attorney General,* and *Juan A. Faría* for appellee.

Division composed of **Mr. Chief Justice Negrón Fernández,** Mr. Justice Blanco Lugo and Mr. Justice Dávila.

PER CURIAM.

In the appeals taken from the judgments of conviction rendered by the Superior Court, Ponce Part, appellant maintains it erred in admitting evidence illegally obtained. Two appeals were taken from two cases for violation of Act No. 220 of 1948 which were heard jointly. In one he contends that the search of appellant's house was illegal, inasmuch as the place to be searched was not adequately described in the sworn statement and in the search warrant. In the other he alleges that defendant's search at police headquarters, where a piece of paper containing numbers which are used in the illegal *bolita* game was seized, was illegal.

Let us consider first the sufficiency of the search warrant by virtue of which defendant's residence was searched. The place to be searched was described thus: "unpainted, zinc-roofed, one and one half frame house without a porch, with concrete fence; it has three windows on the left side, two windows and a door on the right; in the front it has one window and a door; the kitchen is downstairs; it is bounded on the right by house No. 17, on the left by house No. 13, and on the front it abuts on street No. 8 of the Ward of Clausell of Ponce, P.R." This description seemed sufficient, but at the hearing of the motion challenging the search warrant defendant introduced evidence to show that the house was a two-story house, and that in its first floor there lived a person other than defendant's family, alleging that it being a two-story house it should have been stated in the sworn statement and in the search warrant in which of the stories were the objects to be seized. The Government introduced evidence to the effect that there was only one residence, and that according to the search warrant only the kitchen occupied the first floor. In passing upon the motion challenging the search warrant, the judge expressly states that he did not give credit to the testimony of the witness who testified that he lived independently in the first floor of

defendant's residence. The prosecution witnesses described the first floor of the residence as being a part of the residence as a whole, and that on that floor, according to the search warrant, there was only the kitchen and that there were no other divisions. From this conflicting evidence the judge concluded that the house described in the search warrant as being a one and one half house was a single unit. This being the situation, the trial court did not err in dismissing the motion for suppression of the evidence seized in defendant's house. See *Steele* v. *United States No. 1*, 267 U.S. 498 (1925); *United States* v. *Klaia*, 127 F.2d 529 (2d Cir. 1942); *Fleming* v. *State*, 92 A.2d 747 (Md. 1952), and Annot., 31 A.L.R.2d 864.

It is well to point out that the court admitted, as freely and voluntarily given, a confession by defendant in which he accepts that all the material seized was his and that he had it inside the house searched.

■■ Regarding the admissibility of the piece of paper containing *bolita* numbers seized on defendant at headquarters, it suffices to say that the evidence was conflicting. The prosecuting attorney produced witnesses who testified that when defendant was asked for an identification to have his fingerprints taken, he took out a wallet from his pocket and when he opened it he found the paper containing *bolita* numbers, and that when he tried to throw it away the police seized it. Defendant alleges that he was searched at headquarters without being under arrest and without a proper warrant, and that the material challenged was seized on him there. The trial court gave credit to the prosecution evidence. There is nothing to warrant our disturbing its conclusion.

■ Regarding the paper seized on defendant at headquarters, appellant alleges that he was not connected with the *bolita* game claiming that it was "a small, white ruled piece of paper containing three-digit numbers." Appellant has not sent such evidence to this Court on which to make

a proper determination, but the fact is that the trial judge in admitting the same in evidence describes it as follows: "a small piece of white, ruled paper containing three-digit numbers with a space and one-digit number on the right." Tr. Ev. 115. The case of *People* v. *Franchi*, 78 P.R.R. 296, and *People* v. *Mantilla*, 71 P.R.R. 35, refer precisely to that type of documentary evidence, consisting in three-digit numbers and spaces and numbers on the right, as the material used in the illegal *bolita* game. The error assigned was not committed.

The judgments appealed from will be affirmed.