EL PUEBLO DE PUERTO RICO, demandante y apelado, *vs.* AUGUSTO LUCIANO MARTÍNEZ, C/P JUSTO ALVARADO, acusado y apelante.

*Número:* 17067 *Resuelto:* 8 de septiembre de 1961.

*William Morales Torres,* abogado del apelante; *Arturo Estrella, Procurador General Interino* y *Juan A. Faría,* abogados del apelado.

Sala integrada por el Juez Presidente señor Negrón Fernández, como Presidente de Sala, y los Jueces Asociados señores Blanco Lugo y Dávila.

PER CURIAM: El apelante en recursos interpuestos contra sentencias condenatorias dictadas por el Tribunal Superior, Sala de Ponce, sostiene que dicho Tribunal cometió error al admitir prueba obtenida ilegalmente. Son dos los recursos interpuestos contra dos casos vistos simultáneamente por infracción a la Ley Núm. 220 de 1948. En uno, afirma que el allanamiento de la casa del apelante fue ilegal ya que en la declaración jurada y en la orden de allanamiento no se describió adecuadamente el lugar a ser registrado. En el otro, alega que fue ilegal el registro que se hizo al acusado en el cuartel de la policía, donde se le ocupó un papel con números que se usan en el juego ilegal de la bolita.

Consideremos en primer lugar la suficiencia de la orden de allanamiento mediante la cual se registró la residencia del acusado. Se describió así el lugar a registrarse: "casa de madera, techada de zinc, sin pintar, sin balcón, semialta, con verja de concreto, por el lado izquierdo tiene tres ventanas, por el lado derecho tiene dos ventanas y una puerta, por el frente tiene una ventana y una puerta, la cocina está en los bajos, colinda por el lado derecho con la casa número 17, por el lado izquierdo colinda con la casa número 13 y por el frente colinda con la calle número 8 de la barriada Clausell de Ponce, P.R." Esta descripción parecería suficiente, pero el acusado en la vista de la moción de

impugnación a la orden de allanamiento presentó prueba tendente a demostrar que la casa era de dos plantas, viviendo una persona ajena a la familia del acusado, en la primera planta y alega que siendo de dos plantas debía especificarse en la declaración jurada y en la orden de allanamiento en cuál de las plantas estaban los objetos a ser ocupados. El estado presentó prueba al efecto de que era una sola residencia y que como rezaba la orden de allanamiento en los bajos sólo estaba la cocina. El juez al resolver la moción de impugnación a la orden de allanamiento expresamente hace constar que no le dio crédito a la declaración del testigo que afirmó vivía independientemente en la parte de abajo de la residencia del acusado. Los testigos del fiscal describieron la parte de abajo de la casa como una que formaba parte de la residencia en su totalidad y que en esa parte, como reza la orden de allanamiento, sólo había la cocina, sin existir otras divisiones. Con esta prueba contradictoria el juez concluyó que la casa descrita en la orden de allanamiento como semi-alta era una sola unidad. Siendo ésta la situación no erró el tribunal de instancia al declarar sin lugar la moción de supresión de la evidencia ocupada en la casa del acusado. Véanse: *Steele* v. *United States*, (No. 1), 267 U.S. 498 (1925); *United States* v. *Klaia*, 127 F.2d 529 (2d Cir. 1942); *Fleming* v. *State*, 92 A.2d 747 (Md. 1952) y Anotación, 31 A.L.R.2d 864.

Es conveniente apuntar que la corte admitió como presentada libre, y voluntariamente, una confesión del acusado donde acepta que todo el material ocupado era suyo y que lo tenía dentro de la casa objeto del registro.

 En cuanto a la admisibilidad del papel conteniendo números de bolita ocupados al acusado en el cuartel basta decir que la evidencia fue conflictiva. El fiscal presentó testigos que sostuvieron que cuando se le pidió al acusado una identificación para tomarle las huellas digitales, éste sacó una cartera del bolsillo y al abrirla encontró el papel con números de bolita y que al tratar de botarlo fue ocupado por la policía.

El acusado afirma que fue registrado en el cuartel sin estar bajo arresto y sin orden al efecto, y allí le ocuparon el material impugnado. El tribunal de instancia dio crédito a la prueba del fiscal. Nada hay que justifique alterar su conclusión.

■ En cuanto al papel ocupado al acusado en el cuartel, el apelante afirma que no se le conectó con el juego de la bolita, pues sostiene que consistía en "un pedacito de papel blanco rayado con números de tres cifras." El apelante no ha elevado ante nos dicha evidencia, para poder hacer una determinación a ese efecto, pero la realidad es que el juez de instancia al admitirlo en evidencia lo describe así: "un péqueño pedazo de papel blanco rayado, conteniendo ciertos números de tres cifras con espacio y número de una cifra a la derecha." Transcripción de Evidencia, pág. 115. Precisamente es a ese tipo de evidencia documental, consistente en números de tres cifras y espacios y números a la derecha, a que se refieren los casos de *Pueblo* v. *Franchi*, 78 D.P.R. 308 y *Pueblo* v. *Mantilla*, 71 D.P.R. 36, como el material que se utiliza en el juego ilegal de la bolita. No se cometió el error imputado.

*Se confirman las sentencias apeladas.*