**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Carlos Moya ALVA, Jr., Defendant–Appellant.**

**No. 89–5557**
**Summary Calendar.**

United States Court of Appeals, Fifth Circuit.

Sept. 27, 1989.

John M. Pinckney, III, Matthews & Branscomb, San Antonio, Tex., for defendant-appellant.

LeRoy M. Jahn, Asst. U.S. Atty., Helen M. Eversberg, U.S. Atty., Pamela A. Mathy, Asst. U.S. Atty., San Antonio, Tex., for plaintiff-appellee.

Before CLARK, Chief Judge,
WILLIAMS and DUHE, Circuit Judges.

CLARK, Chief Judge:

The district court denied Carlos Alva Moya, Jr.'s motion to suppress admission into evidence of both a semiautomatic pistol discovered by police officers during a search of Alva's pickup truck and a subsequent statement by Alva to the officers concerning his ownership of the gun. On a prior appeal, we remanded to the district court for entry of essential findings of fact on the denial of the motion to suppress evidence. *United States v. Alva*, 867 F.2d 1427 (5th Cir. Feb. 9, 1989). The district court entered findings in accordance with our mandate. Alva now appeals his conviction after a bench trial of being a felon in possession of a firearm, 18 U.S.C. §§ 922(g)(1) and 924(a)(2). Because the search of Alva's truck was within the scope of a valid search warrant, we affirm.

## I.

San Antonio, Texas, police officers received information that one Leroy Garcia would be leaving the address of 223 Burcham in possession of cocaine and would be travelling to another address. Because the informant providing the information was regarded by the officers as reliable and credible, the officers sought Garcia at the other address, found him to be holding cocaine and arrested him. The officers then obtained and executed a search warrant for cocaine for the premises at 223 Burcham. The warrant commanded search of the house, all structures located on the lot and "any and all motor vehicles found parked on the premises of 223 Burcham."

While the search was being conducted, appellant Alva, owner and lessor of the premises, arrived in his pickup truck, parked within fifteen feet of the house and entered it without knocking. An officer informed Alva that he would be detained while the officers conducted their search and immediately read him *Miranda* warnings. Meanwhile, another officer left the house to search Alva's pickup. He found a .25 caliber semiautomatic pistol inside the truck's glove compartment. When asked by the officers if he knew who owned the gun, Alva replied that it was his and that he had just bought it for about twenty dollars.

Alva was later charged by federal authorities with being a felon in possession of a firearm. He moved to suppress the gun and his statement, asserting that the search warrant did not encompass his truck. The court denied the motion to suppress without entering findings of fact. The defendant was then convicted after a bench trial and sentenced to three years imprisonment to run concurrently with the sentence for the underlying felony. In addition, a mandatory $50 assessment was imposed under 18 U.S.C. § 3013.

We remanded for entry of essential findings of facts supporting the denial of the motion to suppress. The district court found, among other things, that the affidavit upon which the warrant was based stated probable cause that cocaine was on the premises and in any vehicle found on the premises. The court found that although "the scope of the warrant became ambiguous as to whether or not it included vehicles parked on the premises *during* the search," its validity was not altered and that Alva's truck was within the scope of the warrant, "as the vehicle was found on the premises while the search was being conducted" (Emphasis in the original).

## II.

Alva contends that the search warrant did not authorize the search of his vehicle. He reasons that the warrant language requiring search of "any and all vehicles found on the premises of 223 Burcham" did not encompass vehicles, such as his, that arrived at the premises after the police had begun searching. Because he did not actu-

ally reside at the residence, and the police had no probable cause to search his vehicle independent from the warrant, the search was illegal.

Alva further contends that if the warrant lacked probable cause as to his vehicle, the police did not search the truck in good faith reliance on the validity of the warrant because they "knew" there was no objective reason to believe the defendant was involved in criminal activity. Thus, the search was made in bad faith and did not fall within the exception to the valid warrant requirement enunciated in *United States v. Leon*, 468 U.S. 897, 104 S.Ct. 3405, 82 L.Ed.2d 677 (1984).

### III.

It is not disputed that probable cause supported the warrant to search the premises at 223 Burcham. The issue is whether the district court erred in holding that the search of Alva's truck fell within the scope of the warrant's language authorizing search of "any and all vehicles found parked on the premises at 223 Burcham."

This court has noted that in construing search warrants there is no place for the " '[t]echnical requirements of elaborate specificity once exacted under common law pleadings.' " *United States v. Napoli*, 530 F.2d 1198, 1200 (5th Cir.1976) (quoting *United States v. Ventresca*, 380 U.S. 102, 108, 85 S.Ct. 741, 745, 13 L.Ed.2d 684 (1965)). " 'It is enough if the description is such that the officer with a search warrant can, with reasonable effort ascertain and identify the place intended.' " *Id.* (quoting *Steele v. United States*, 267 U.S. 498, 503, 45 S.Ct. 414, 416, 69 L.Ed. 757 (1925)). Accordingly, we held in *Napoli* that a warrant providing for the search of "the premises known as 3027 Napoleon Avenue" encompassed a vehicle parked in the driveway on those premises. *Id; see also United States v. Freeman*, 685 F.2d 942, 955 (5th Cir.1982) (warrant authorizing search of "premises" encompassed jeep parked on same).

We also have applied this approach of exercising reasonableness in warrant construction to timing aspects of warrant execution. In *United States v. Cole*, 628 F.2d 897, 899 (5th Cir.1980), we upheld the search of a pickup truck made by police after they had arrived simultaneously with the defendant at the premises described in the warrant. In that case, the defendant, Cole, was named in the warrant as a controller of the premises. We found no obstacle to upholding the search in either the fact that the defendant was driving a vehicle other than the one described in the warrant or that he arrived simultaneously with the police. We have stated that law enforcement officers may not search vehicles arriving at the perimeter fences of a large premises during a search, and that police may not forcibly lead a vehicle onto the premises to effect a search. *United States v. Gentry*, 839 F.2d 1065, 1069 (5th Cir.1988). However, we have never foreclosed officials from searching vehicles voluntarily driven onto the premises by persons named in a warrant during the course of a valid search. In such circumstances, officers are only limited in their search of the vehicle to areas that they reasonably believe could contain the items described in the warrant. *United States v. Ross*, 456 U.S. 798, 820–21, 102 S.Ct. 2157, 2170–71, 72 L.Ed.2d 572 (1982).

The search of Alva's pickup truck pursuant to warrant language authorizing the search of "any and all motor vehicles found parked on the premises of 223 Burcham" was within the scope of the warrant. Alva's reading of the language, that it prohibits police from searching vehicles arriving after the search begins, unnaturally cramps the warrant's temporal authority. Searches do not take place in an instant; they occur over a period of time, sometimes many hours. Thus vehicles arriving during the course of a search are vehicles "found parked" on the premises if they reasonably could contain the items for which law enforcement officials are searching. Alva's pickup truck was such a vehicle.

### IV.

Because we hold that the search of the vehicle was within the scope of the warrant, we do not reach the question whether

the search was valid under the good faith exception to the valid warrant requirement set out in *Leon*. The district court correctly denied the motion to suppress the gun and Alva's voluntary statement to the officer regarding his ownership of it. The judgment of conviction is

AFFIRMED.