**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

No. 19-60614
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

March 3, 2020

Lyle W. Cayce
Clerk

ALVIX LABORATORIES, L.L.C.,

    Plaintiff - Appellant

v.

UNITED STATES OF AMERICA,

    Defendant - Appellee

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 1:19-MC-371

Before KING, GRAVES, and WILLETT, Circuit Judges.

PER CURIAM:*

    After obtaining a warrant, the United States seized the funds in a bank account belonging to Alvix Laboratories. Believing this seizure to have exceeded the warrant's scope, Alvix filed a motion for the return of its money, which the district court denied. Because we conclude that the warrant authorized the United States to seize all funds in Alvix's account, we AFFIRM.

---

    * Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 19-60614

## I.

On May 29, 2019, the United States obtained a warrant authorizing seizure of assets in two bank accounts:

a. MERCHANTS AND MARINE BANK account number [x]9958, an account held in the name of THE GARDEN'S PHARMACY, LLC, and authorized signers: S. Kelly Levi, D. B. Levi, Jeffrey Wayne Rollins, and Dempsey Levi. All monies and assets in account.

b. MERCHANTS AND MARINE BANK account number [x]1525, an account held in the name of ALVIX LABORATORIES, LLC, and authorized signers: Clark J. Levi and Hugh E. Ferry. This account received monies from MERCHANTS x9958. All monies and assets in account.

The United States executed the warrant one day later, seizing "as being subject to forfeiture to the United States of America" all of the funds in the x1525 bank account, $895,740.36.

Alvix moved the district court for the return of $895,189.78 seized by the United States. *See* Fed. R. Crim. P. 41(g) ("A person aggrieved by an unlawful search and seizure of property or by the deprivation of property may move for the property's return."). Alvix argued that the warrant—which mentioned that the x1525 account received funds from the x9958 account—authorized the United States to seize funds from the x1525 account only to the extent that those funds originated in the x9958 account. The district court denied Alvix's motion, and this appeal followed.

## II.

We affirm the district court's decision to deny Alvix's motion. A warrant satisfies the Fourth Amendment's particularity requirement if its language will permit an executing officer to reasonably know what item to seize. *United States v. Layne*, 43 F.3d 127, 132 (5th Cir. 1995). We apply a correlative "approach of exercising reasonableness in warrant construction" when evaluating whether a particular search or seizure exceeds a warrant's scope.

*United States v. Alva*, 885 F.2d 250, 252 (5th Cir. 1989); *cf. United States v. Hill*, 19 F.3d 984, 988-89 (5th Cir. 1994) ("[T]he check stubs served the same function as a cash disbursement journal and that a reasonable officer knowledgeable of financial records would have reached this conclusion. Thus, the check stubs were within the scope of the warrant authorizing seizure of a cash disbursement journal."). The warrant at issue in this case expressly applied to "[a]ll monies and assets" in the x1525 account, so the United States did not exceed the warrant's scope by seizing all money found in that account.

In its reply brief, Alvix argues for the first time that the warrant was not supported by probable cause, but even if we were to excuse Alvix's failure to make this argument earlier, that argument would be unavailing. When the government obtains a warrant authorizing a seizure, the "magistrate's determination of probable cause is entitled to great deference by reviewing courts." *United States v. Allen*, 625 F.3d 830, 840 (5th Cir. 2010). To survive appeal, "[a] magistrate needs only a substantial basis" for concluding that probable cause exists. *Id.* After reviewing the sealed affidavit associated with the warrant at issue in this case, we conclude that the magistrate who issued the warrant had such a basis.

## III.

For the foregoing reasons, we AFFIRM.