### SUTTON v. UNITED STATES.

(Circuit Court of Appeals, Fifth Circuit. May 17, 1923.)

No. 4006.

Intoxicating liquors ⬅248—Complaint and affidavit held sufficient.

Complaint and affidavit, on which search warrant was issued, and which positively stated that there was, on certain premises, which were sufficiently described, and which were the premises of defendant, certain liquors, in his possession, a more particular description of which was unknown, were sufficient to support the warrant.

In Error to the District Court of the United States for the Northern District of Florida; William B. Sheppard, Judge.

W. M. Sutton was convicted of violating the National Prohibition Act, and brings error. Affirmed.

⬅For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Walter Kehoe, of Pensacola, Fla., for plaintiff in error.

Fred Cubberly, U. S. Atty., of Gainesville, Fla., and George Earl Hoffman, Asst. U. S. Atty., of Pensacola, Fla.

Before WALKER, BRYAN, and KING, Circuit Judges.

KING, Circuit Judge. On the 6th of November, 1922, a criminal information was filed in the United States District Court for the Northern District of Florida, charging William M. Sutton with a violation of the National Prohibition Act (41 Stat. 305) in having in his possession 10 quarts of whisky and 10 quarts of wine for beverage purposes. Prior to the filing of said information, a search warrant had been issued by a United States commissioner for the search of a certain building, the location of which was described, stated to be at Westville, Holmes county, Fla., and being the premises of said Sutton. The building in question was a barn, it was searched in the daytime, and the whisky and wine found therein. Sutton was absent from home at the time, but a copy of the search warrant was given to his wife, and a receipt given to her for the property taken. On the trial the defendant was convicted. Before the trial, the defendant moved the court to exclude the testimony of the officer, Cobb, and his deputy, Stearns, who made the search, upon the ground that the warrant was void, and that such testimony, together with the use as evidence of the liquor found, was illegal. The court denied said motion and admitted said testimony. This is the principal error complained of.

It is evident that, unless this testimony was improperly admitted, the case was overwhelmingly made out, and that there is no error warranting a reversal. We think that the search warrant in this case was sufficient and legal, and that the complaint and affidavit of Cobb, upon which the warrant was issued, was sufficient. It positively stated that there was, on certain premises, which were sufficiently described, and which were the premises of defendant, certain liquors, in his possession, a more particular description of which was unknown. We think that this was sufficient to support the warrant, and that the warrant stating these facts was itself sufficient.

The judgment of the District Court is affirmed.