## STEELE v. UNITED STATES No. 1.

APPEAL FROM THE DISTRICT COURT OF THE UNITED STATES FOR THE SOUTHERN DISTRICT OF NEW YORK.

No. 235.  Argued March 11, 1925.—Decided April 13, 1925.

1. Description, in a search warrant, of a building as a garage used for business purposes, giving its street and one of its two house numbers, *held* sufficiently definite, under the circumstances, for search of the whole building, which had three street entrances, and means of access between its parts on the ground and upper floors, and was used in conducting an automobile garage and storage business. P. 502.

2. A search warrant sufficiently describes the place to be searched if it enables the officer, with reasonable effort, to identify it. P. 503.

3. A warrant authorizing search of a building used as a garage, and any building or rooms connected or used in connection with the garage, *held* to justify search of the upper rooms connected with the garage by elevator. P. 503.

4. Search of rooms in a building used by a business *held* not unlawful under Prohibition Act § 25, because one of the rooms, not searched and in which no liquor was found, was slept and cooked in by an employee of the business. P. 503.

5. Description of articles to be searched for as " cases of whiskey " *held* sufficient.   P. 504.

6. Where an experienced prohibition agent saw cases labeled " whiskey ", which looked to him like whiskey cases, being unloaded at a building which, as he ascertained, had no permit to store whiskey, there was probable cause for warrant and seizure.   P. 504.

Affirmed.

APPEAL from a judgment of the District Court refusing to vacate a search warrant, under which the appellant's premises were searched and quantities of whiskey, gin and alcohol were found and seized.   See also the next case, *post,* p. 505.

· *Mr. Meyer Kraushaar,* for appellant.

*Solicitor General Beck, Assistant Attorney General Willebrandt,* and *Mr. Mahlon D. Kiefer,* Special Assistant to the Attorney General, were on the brief for the United States.

MR. CHIEF JUSTICE TAFT delivered the opinion of the Court.

This is an appeal, under § 238 of the Judicial Code, direct from the District Court, being a case involving the application of the Federal Constitution.   The judgment complained of denied a petition of Steele for an order vacating a search warrant, by authority of which Steele's premises were searched and a large amount of whiskey and other intoxicating liquor was found and seized.   He contends that the search warrant violated the Fourth Amendment, because not issued upon probable cause, and not particularly describing the place to be searched or the property to be seized; and because the search conducted under the warrant was unreasonable.   The affidavit for search warrant was as follows:

"Southern District of New York, ss:

" Isidor Einstein, being duly sworn, deposes and says: I am a General Prohibition Agent assigned to duty in

the State of New York. On December 6, 1922, at about 10 o'clock A. M., accompanied by Agent Moe W. Smith, I was standing in front of the garage located in the building at 611 West 46th Street, Borough of Manhattan, City and Southern District of New York. This building is used for business purposes only. I saw a small truck driven into the entrance of the garage and I saw the driver unload from the end of the truck a number of cases stencilled whiskey. They were the size and appearance of whiskey cases and I believe that they contained whiskey. A search of the records of the Federal Prohibition Director's office fails to disclose any permit for the manufacture, sale or possession of intoxicating liquors at the premises above referred to.

" The said premises are within the Southern District of New York and upon information and belief, have thereon a quantity of intoxicating liquor containing more than one-half of one per cent of alcohol by volume, and fit for use for beverage purposes, which is used, has been used and is intended for use in violation of the Statute of the United States, to wit, the National Prohibition Act.

" This affidavit is made to procure a search warrant, to search said building at the above address, any building or rooms connected or used in connection with said garage, the basement or sub-cellar beneath the same, and to seize all intoxicating liquors found therein.

" Isidor Einstein.

" Sworn to before me this 6th day of December, 1922. Saml. M. Hitchcock, U. S. Commissioner, Southern District of New York."

The search warrant issued by the Commissioner followed the affidavit in the description of the place and property to be searched and seized and was directed to Einstein as General Prohibition Agent.

Section 25, Title II, of the National Prohibition Act, c. 85, 41 Stat. 305, 315, provides for the issue of a search

warrant to seize liquor and its containers intended for use in violating the Act, and provides that the search warrant shall be issued as provided in Title XI of the Espionage Act of June 15, 1917, c. 30, 40 Stat. 217, 228.

Under that Title, in conformity with the Fourth Amendment, the warrant can be issued only upon probable cause, supported by affidavit, particularly describing the property and place to be searched. The judge or commissioner must before issuing the warrant examine on oath the complainant and any witness he may produce, and require their affidavits or take their depositions in writing and cause them to be subscribed by the parties making them. The affidavits or depositions must set forth the facts tending to establish the grounds of the application or probable cause for believing that they exist. If the judge or commissioner is satisfied of the existence of the grounds for the application, or that there is probable cause to believe their existence, he must issue a search warrant, signed by him with his name of office, to a civil officer of the United States duly authorized to enforce or assist in enforcing any law thereof, stating the particular grounds or probable cause for its issue and the names of the persons whose affidavits have been taken in support thereof, and commanding him forthwith to search the person or place named, for the property specified, and to bring it before the judge or commissioner. If the grounds on which the warrant was issued be controverted, the judge or commissioner must proceed to take testimony in relation thereto, and the testimony of each witness must be reduced to writing and subscribed by each witness. If it appears that the property taken is not the same as that described in the warrant, or that there is no probable cause for believing the existence of the grounds on which the warrant was issued, the judge or commissioner must cause the property to be restored to the person from whom it was taken; but if it appears that the

property taken is the same as that described in the warrant, and that there is probable cause for believing the existence of the grounds on which the warrant was issued, then the judge or commissioner shall order the same retained in the custody of the person seizing, or to be otherwise disposed of according to law.

The facts developed before the Commissioner on hearing this petition for return of the seized goods were these: Einstein and Moe Smith were prohibition agents. They saw a truck depositing cases in a garage on the opposite side of 46th Street from where they were. Einstein crossed the street and saw they were cases stenciled as whiskey. Einstein left his companion to remain in the neighborhood until he could get the warrant, and in somewhat more than an hour returned with it and made the seizure. The building searched was a four-story building in New York City on the south side of West 46th Street, with a sign on it: " Indian Head Auto Truck Service—Indian Head Storage Warehouse, No. 609 and 611." It was all under lease to Steele. It was entered by three entrances from the street, one on the 609 side, which is used, and which leads to a staircase running up to the four floors. On the 611 side there is another staircase of a similar character, which is closed, and in the middle of the building is an automobile entrance from the street into a garage, and opposite to the entrance on the south side is an elevator reaching to the four stories, of sufficient size to take up a Ford machine. There is no partition between 611 and 609 on the ground or garage floor, and there were only partial partitions above, and none which prevented access to the elevator on any floor from either the 609 or 611 side. The evidence left no doubt that, though the building had two numbers, the garage business covering the whole first floor and the storage business above were of such a character and so related to the elevator that there was no real

division in fact or in use of the building into separate halves.   The places searched and in which the liquor was found were all rooms connected with the garage by the elevator.   One of them was a room on the second floor with a door open toward the elevator, in which, when Einstein made his search, three men were bottling and corking whiskey.   There was a room on one of the floors, flimsily boarded off, in which an employee had a cot and a cook stove.   The prohibition agents seized 150 cases of whiskey, 92 bags of whiskey, and one 5-gallon can of alcohol, on the third floor on the 609 side.   On the second floor, 33 cases of gin were seized on the 609 side and six 5-gallon jugs of whiskey, 33 cases of gin, 102 quarts of whiskey, and two 50-gallon barrels of whiskey, and a corking machine, were taken on the 611 side of the building.

The description of the building as a garage and for business purposes at 611 W. 46th Street clearly indicated the whole building as the place intended to be searched. It is enough if the description is such that the officer with a search warrant can with reasonable effort ascertain and identify the place intended.   *Rothlisberger* v. *United States,* 289 Fed. 72; *United States* v. *Borkowski,* 268 Fed. 408, 411; *Commonwealth* v. *Dana,* 2 Metc. 329, 336; *Metcalf* v. *Weed,* 66 N. H. 176; *Rose* v. *State,* 171 Ind. 662; *McSherry* v. *Heimer,* 132 Minn. 260.

Nor did the search go too far.   A warrant was applied for to search any building or rooms connected or used in connection with the garage, or the basement or sub-cellar beneath the same.   It is quite evident that the elevator of the garage connected it with every floor and room in the building and was intended to be used with it.

The attempt to give the building the character of a dwelling house by reason of the fact that an employee slept and cooked in a room on one of the floors was of

course futile. Section 25 of the Prohibition Act forbids the search of any private dwelling unless it is used for the unlawful sale of intoxicating liquor, or unless it is in part used for some business purpose, such as a store, shop, saloon, restaurant, hotel or boarding house. It provides that " private dwelling " is to be construed to include the room or rooms used and occupied not transiently but solely as a residence in an apartment house, hotel or boarding house. Certainly the room occupied in this case was not a private dwelling within these descriptions, but more than this, it was not searched and no liquor was found in it. *Forni* v. *United States,* 3 Fed. (2d) 354.

The search warrant properly described the building searched as a garage and one for business purposes.

Then it is said that the property seized was not sufficiently identified in the warrant. It was described as "cases of whiskey," and while there is no evidence specifically identifying the particular cases which were seized as those which Einstein saw, the description as "cases of whiskey" is quite specific enough. *Elrod* v. *Moss,* (C. C. A. 4th) 278 Fed. 123, 129; *Sutton* v. *United States,* 289 Fed. 488 (C. C. A. 5th); *Tynan* v. *United States,* 297 Fed. 177 (C. C. A. 9th); *Forni* v. *United States,* 3 Fed. (2d) 354 (C. C. A. 9th).

Finally it is said there was no probable cause for the warrant and the seizure. Einstein, a man of experience in such prosecutions and in such seizures, saw the name " whiskey " stenciled on cases and said they looked like whiskey cases. He ascertained by his own investigation of the official records that there was no permit for the legal storage of whiskey on these premises. In a recent case we have had occasion to lay down what is probable cause for a search. *Carroll* v. *United States,* 267 U. S. 132. " If the facts and circumstances before the officer are such as to warrant a man of prudence and caution in

believing that the offense has been committed, it is suffi-
cient." What Einstein saw and ascertained was quite
sufficient to warrant a man of prudence and caution and
his experience in believing that the offense had been com-
mitted of possessing illegally whiskey and intoxicating
liquor, and that it was in the building he described.

The search warrant fully complied with the statutory
and constitutional requirements as set forth above, the
liquor was lawfully seized and the District Court rightly
held that it should not be returned.

The decree is affirmed.

*Affirmed.*