## PERA v. UNITED STATES.

(Circuit Court of Appeals, Ninth Circuit. March 22, 1926.)

No. 4698.

**1. Criminal law ⟨⟩1043(3).**

No objections to sufficiency of search warrant, other than those urged in trial court, may be considered by Circuit Court of Appeals.

**2. Intoxicating liquors ⟨⟩248—Mere clerical error in affidavit in failing to change year date printed on blank form, held not to vitiate search warrant based thereon.**

Mere clerical error in affidavit, in failing to change date printed on blank form from 1922 to 1923, when alleged sale of whisky was made, *held* not to vitiate search warrant based thereon, where evidence as to correct date thereof was conclusive.

**3. Intoxicating liquors ⟨⟩248—Affidavits of prohibition agents, reciting purchase of whisky in soft drink parlor, and that intoxicating liquor was unlawfully kept and used on premises, held sufficient to authorize issuance of search warrant (National Prohibition Act [Comp. St. Ann. Supp. 1923, § 10138¼ et seq.]).**

*Affidavits* of prohibition agents, alleging purchase of whisky on premises occupied as soft drink parlor, and that affiant knew of his own knowledge that intoxicating liquor was possessed and used on premises in violation of law, *held* to justify issuance of search warrant, under National Prohibition Act (Comp. St. Ann. Supp. 1923, § 10138¼ et seq.)

**4. Criminal law ⟨⟩1056(1)—Error in refusing accused's requested instruction cannot be reviewed, in absence of exception.**

Error in refusing accused's requested instruction cannot be reviewed, in absence of exception to charge given, or to refusal to charge as requested.

In Error to the District Court of the United States for the District of Montana; Charles N. Pray, Judge.

A. Pera was convicted of violating the National Prohibition Act, and he brings error. Affirmed.

James H. Baldwin, of Butte, Mont., for plaintiff in error.

Wellington D. Rankin, U. S. Atty., of Helena, Mont., Wellington H. Meigs, Asst. U. S. Atty., of Great Falls, Mont., and Francis A. Silver, Asst. U. S. Atty., of Butte, Mont.

Before GILBERT, HUNT, and RUDKIN, Circuit Judges.

RUDKIN, Circuit Judge. This is a writ of error to review a judgment of conviction under the National Prohibition Act (Comp. St. Ann. Supp. 1923, § 10138¼ et seq.). The principal assignments of error challenge the validity of a search warrant under which a search and seizure were made. One of the federal prohibition agents made oath before a United States Commissioner that on October 25, 1922, he was at and within those certain premises described as being located at No. 47 Main street, in the town of Meaderville, county of Silver Bow, state of Montana, the same being occupied by one John Doe as an alleged soft drink parlor, and then and there purchased from the said John Doe four drinks of whisky, the same being intoxicating liquor containing more than one-half of 1 per cent. of alcohol, for which he paid 25 cents per drink; that the said person then had, possessed, and kept a quantity of said liquor on said premises, and was engaged in the use, possession, and sale thereof in violation of law; that he knew of his own personal knowledge that the said property was then upon the said premises, and was positive that the same was still so used, possessed, kept, and sold thereon; and that the property subject to seizure consisted of intoxicating liquor and equipment used in connection with its storage, sale, and consumption. The jurat to this affidavit was dated October 29, 1923. There was a second affidavit by another prohibition agent, stating that there was probable cause to believe that upon said premises intoxicating liquors containing more than one-half of 1 per cent. of alcohol and fit for use as a beverage have been and are kept, possessed, used and sold, in violation of the National Prohibition Act, and that his reason for believing that the said premises have been and are being so used was the fact that on October 25, 1923, the agent named in the first-mentioned affidavit purchased certain drinks of moonshine whisky on the said premises from the said John Doe.

[1-3] Numerous objections to the sufficiency of the search warrant are urged in this court, but the only objection urged or raised

on the trial in the court below was based upon the insufficiency of the affidavits upon which the search warrant issued, and no other grounds of objection are open to consideration here. The affidavits on their face are amply sufficient to justify the issuance of a search warrant and a finding of probable cause, except for a single defect in the first affidavit. As already stated, that affidavit averred that the sale was made October 25, 1922, whereas the affidavit was not made until October 29, 1923, or apparently one year and four days after the alleged sale. The proof shows conclusively, however, that the sale was in fact made on October 25, 1923, or only four days before the issuance of the warrant, and it was so stated in the second affidavit, and so recited in the warrant itself. In other words, it appears from the testimony that the year 1922 was printed in the blank form, and the officer taking the affidavit neglected to change the date or year from 1922 to 1923. This mere clerical error in one of the affidavits did not vitiate the warrant. The affidavits were therefore ample to justify the issuance of the search warrant, and, as already stated, no objection was made to the form or sufficiency of the warrant at the trial. In any event, the premises were sufficiently described in the warrant, and the search did not extend beyond the premises so described. Steele v. United States No. 1, 45 S. Ct. 414, 267 U. S. 499, 69 L. Ed. 757. [4] Error is assigned in the refusal of the court to instruct the jury as requested, but no exceptions were taken, either to the charge of the court as given, or to the refusal to charge as requested.

We find no error in the record, and the judgment is affirmed.