**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**R. C. FRAZIER, Defendant-Appellant.**

**No. 73-1566.**

United States Court of Appeals,
Sixth Circuit.

Argued Nov. 26, 1973.

Decided Jan. 23, 1974.

---

———◆———

Ben W. Hooper, II, Newport, Tenn. (Court Appointed), for defendant-appellant.

W. Thomas Dillard, Asst. U. S. Atty., for plaintiff-appellee; John L. Bowers, Jr., U. S. Atty., Carl P. McDonald, Asst. U. S. Atty., Knoxville, Tenn., on brief.

Before WEICK, EDWARDS and LIVELY, Circuit Judges.

PER CURIAM.

Appellant appeals from conviction after jury trial on two counts charging violations of the Federal Alcohol Tax Laws, 26 U.S.C. §§ 5173, 5601(a)(4), 5180(a) and 5681(c) (1970), and aiding and abetting in such violations, 18 U.S.C. § 2 (1970).

The only appellate issues in the case pertain to appellant's claim that a federal agent's search of a barn wherein an illegal distillery was found was conducted under a defective search warrant in that said search warrant did not with sufficient definiteness identify the property to be searched.

The description of the premises to be searched, as set forth in the search warrant, follows:

That he (has reason to believe) that (on the premises known as) the Jack Hall residence property located in the Basinger Hollow section of Cocke County, Tennessee, and reached by travelling westwardly from the intersection of State Route 160 with U.S. Highway 411, just north of Newport; travel westwardly on State Route 160 about 3.6 miles to intersection of Clay Creek Road; turn right on Clay Creek Road and travel for about 1.8 miles to intersection of Basinger Hollow Road; turn right on Basinger Hollow Road and travel for about .3 miles to the Jack Hall residence on the left, consisting of a one-story frame dwelling with front porch, painted white and trimmed in green, together with four outbuildings, all frame with metal roofs, flat sloped roofs, including any barns located on the premises, . . . .

The factual dispute concerning this description arises from the undisputed evidence that there were two residences in this vicinity, both of them located on the property of a codefendant, Frazier. It is appellant's contention that although the barn where the distillery was found was closer to Hall's residence than it was to Frazier's, it was separated from Hall's residence by a fence, and that therefore it was not on the "Jack Hall residence property."

The hearing on the motion to suppress produced evidence that the surveilling agents had seen Hall going from his house to the barn in question, that the fence referred to was trampled down so that it could easily be walked over, and that as noted earlier, the barn in question was closer to Hall's residence than Frazier's. In addition, we note that the search warrant did not refer to "a

barn" but "to any barns located on the premises."

Further, the directions as to just how to reach these premises, located in the Basinger Hollow section of Cocke County, were detailed and specific. In United States v. Hassell, 427 F.2d 348 (6th Cir. 1970), this court said:

> The description was in our opinion ample to allow the officers to "ascertain and identify the place intended." Steele v. United States, 267 U.S. 498, 503, 45 S.Ct. 414, 416, 69 L.Ed. 757 (1925). *See also* United States v. Bowling, 351 F.2d 236 (6th Cir. 1965), cert. denied, 383 U.S. 908, 86 S.Ct. 888, 15 L.Ed.2d 663 (1966). *Id.* at 349.

We believe the language quoted above governs disposition of this case. We have also inspected the photographic exhibits in this case and feel that they serve to strengthen the conclusions stated above.

The judgment of the District Court is affirmed.