Argued and submitted December 29, 1986, affirmed March 25, 1987

STATE OF OREGON,
*Respondent,*

*v.*

LESLIE HERBERT COLE,
*Appellant.*

(44312, 44313; CA A38805 (Control), A38806)
(Cases Consolidated)

734 P2d 393

J. Marvin Kuhn, Chief Deputy Public Defender, Salem, argued the cause for appellant. With him on the brief was Gary D. Babcock, Public Defender, Salem.

Jonathan H. Fussner, Deputy Attorney General, Salem, argued the cause for respondent. With him on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General.

Before Warden, Presiding Judge, and Van Hoomissen and Young, Judges.

VAN HOOMISSEN, J.

## VAN HOOMISSEN, J.

Defendant appeals his convictions for delivery and possession of a controlled substance. ORS 475.992(1), (4). He contends that the trial court erred in denying his motion to suppress evidence seized during the execution of a search warrant, because the warrant stated the wrong address. We affirm.

On November 15, 1984, Detective Botta obtained a warrant to search premises at "1560 S. W. Avery Lane, Corvallis." It described the premises as:

"a single story wood frame, single family house, white in color with an unattached garage. The front of the house has a covered porch with the number 1560 clearly visible on it."

The warrant was based on Botta's affidavit requesting a warrant to search "1560 S. W. Allen Lane, Corvallis."

Officer Thomig and other officers executed the warrant on premises located at 1560 S. W. Allen Street. They seized evidence and placed it in an evidence locker. On November 17, the police discovered that the warrant had the wrong street name. Botta then submitted an affidavit for a second search warrant, reciting the error and incorporating the first affidavit. A second search warrant was issued. It identified the residence to be searched as "1560 S.W. Allen Lane, Corvallis," and included the description of the residence that had appeared in the first warrant. Thomig then took the earlier seized evidence to 1560 S. W. Allen Street and gave it to Wyatt, who also lived at that address. He immediately served the second search warrant on Wyatt, and then "reseized" the evidence.

Before executing the first warrant, Thomig had conducted a briefing for the other officers , using a photograph of the Allen Street house and a diagram of the interior. He testified at the suppression hearing that Allen Street is a dead end street, mostly of private homes. The actual name of the street is Allen Street, not Allen Lane; there is no Allen Lane. Avery is actually Avery Avenue, not Avery Lane; and consists mostly of industrial and commercial buildings. There is no 1500 block on Avery Avenue. Further, only one other house in the southwest quadrant of Corvallis has an address with the numbers

1560. It is a two-story house, blue in color with a covered porch. Its number is not clearly visible.

Defendant moved to suppress the evidence. After concluding that the first warrant sufficiently described the place to be searched, the trial court denied the motion. Defendant argues that, because the first warrant authorized a search of the wrong address, it failed to describe with sufficient particularity the place to be searched in violation of ORS 133.565(2)(b), Article I, section 9, of the Oregon Constitution and the Fourth Amendment to the United States Constitution.[1] Oregon statutes and the Oregon constitution require a search warrant to describe particularly the place to be searched. The Supreme Court has stated:

> "The purpose of the particular-description requirement is to narrow the scope of the search to those premises for which a magistrate has found probable cause to search. * * * The relevant inquiry is whether a police officer can execute the warrant without straying into premises which he has no authority to enter." *State v. Cortman*, 251 Or 566, 569, 446 P2d 681 (1968), *cert den*, 394 US 951 (1969).

The Supreme Court has further explained:

> "In testing a warrant for definiteness, 'it is enough if the description is such that the officer with a search warrant can with reasonable effort ascertain the identity of the place intended.' The description must be sufficiently clear so that

---

[1] ORS 133.565(2) provides, in relevant part:

"The warrant shall state, or describe with particularity:

"* * * * *

"(b) * * * the location and designation of the premises or places to be searched[.]"

Article I, section 9, of the Oregon Constitution provides:

"No law shall violate the right of the people to be secure in their persons, houses, papers, and effects, against unreasonable search, or seizure; and no warrant shall issue but upon probable cause, supported by oath, or affirmation, and particularly describing the place to be searched, and the person or thing to be seized."

The Fourth Amendment provides:

"The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized."

the property to be searched is recognizable from other neighboring properties. If, however, a warrant purporting to authorize a search is sufficiently ambiguous that it is impossible to identify with a reasonable degree of certainty the particular premises authorized to be searched, the warrant may not be executed and any search pursuant to it is illegal, whether of the premises actually intended or not, because of the danger that the privacy of unauthorized premises will be invaded." *State v. Blackburn/Barber,* 266 Or 28, 35, 511 P2d 381 (1973). (Footnotes omitted.)

In this case, the first warrant not only gave an address, it also described the house to be searched. Thomig was familiar with the house. Evidence at the suppression hearing showed that there was little if any likelihood that the house could be confused with neighboring property or that the officers would enter property that they had no authority to enter. We conclude that, with the description of the house, the warrant was sufficiently definite to satisfy the requirements of ORS 133.565(2)(b) and Article I, section 9. *See State v. Blackburn/Barber, supra.* Furthermore, it was sufficient under the Fourth Amendment. *See Steele v. United States,* 267 US 498, 45 S Ct 414, 69 L Ed 757 (1925).

Affirmed.