UNITED STATES of America,
Appellee,

v.

Terrance WILLIAMS, Defendant–
Appellant.

No. 02–1453.

United States Court of Appeals,
Second Circuit.

July 7, 2003.

J. Scott Porter, Syracuse, NY, for Appellant.

Stephan Baczynski, Assistant United States Attorney, on behalf of Michael A. Battle, United States Attorney, Western District of New York (Robert C. Moscati, Assistant United States Attorney, of counsel), Buffalo, NY, for Appellee.

PRESENT: WINTER, B.D. PARKER, and RAGGI, Circuit Judges.

### SUMMARY ORDER

Defendant–Appellant Terrance Williams appeals from a judgment of conviction in the Western District of New York (John T. Elvin, *Judge*). Appellant was convicted after a jury trial of possessing with the intent to distribute five or more grams of cocaine base, in violation of 21 U.S.C. § 841(a)(1), and possession of ammunition by a felon, in violation of 18 U.S.C. § 922(g). He was sentenced principally to 120 months' imprisonment.

In connection with his arrest, officers in the FBI's Career Criminal Task Force, acting on an informant's tip, executed a search warrant at appellant's premises and seized various items drugs, weapons, including a .38 caliber handgun, and .38 caliber ammunition—later introduced at trial against him. On appeal, appellant claims that the District Court erred in denying his motion to suppress this evidence because the search warrant application did not adequately identify which apartment within a multiple-family dwelling was to be searched. Magistrate Judge Hugh B. Scott, to whom the motion was referred, held a hearing and recommended that the motion be denied. The District Court overruled the objections to the report but authorized an evidentiary hearing and subsequently denied the motion.

"We review de novo the district court's resolution of legal issues regarding the validity of search warrants and the suppression of evidence seized thereunder." *United States v. Martin,* 157 F.3d 46, 52 (2d Cir.1998). Findings of fact are reviewed for clear error. *See United States v. Smith,* 9 F.3d 1007, 1011 (2d Cir.1993). Here, the application authorizing the warrant identified the place to be searched as 41 Mills Street, Buffalo, New York, which was described as a "two story multi-family wood-frame dwelling, white in color with black trim and a brown side entrance door."

Appellant contends that description was inadequate because it failed to identify which particular apartment within the structure was to be searched. The government contends that the reference to the brown side door was sufficient because that door was the only means of entry to the subject apartment and no other apartments in the building could be accessed through that door. Moreover, the government contends that the officers who obtained and executed the warrant were personally familiar with the residence and knew that the brown door led to appellant's apartment.

We have previously stated the general rule regarding particularity: " '[i]t is enough if the description is such that the officer[s] armed with a search warrant can with reasonable effort ascertain and identi-

fy the place intended.'" *Velardi v. Walsh,* 40 F.3d 569, 576 (2d Cir.1994) (quoting *National City Trading Corp. v. United States,* 635 F.2d 1020, 1024 (2d Cir.1980) (quoting with alterations *Steele v. United States,* 267 U.S. 498, 503, 45 S.Ct. 414, 69 L.Ed. 757 (1925))). Even a warrant containing "partial misdescriptions of the place to be searched" is sufficient if "the officer executing the warrant could ascertain and identify the target of the search with no reasonable probability of searching another premises in error." *Id.* (internal quotation marks omitted). "Warrants have been upheld despite 'technical error,' such as an incorrect street address, when the possibility of actual error is eliminated by other information, ... [including] knowledge of the executing agent derived from personal surveillance of the location to be searched." *Id.*

Here, the officers who executed the warrant were familiar with the apartment because they had purchased drugs there through a confidential informant shortly before the warrant was executed. They had surveilled the informant entering that apartment through the brown side entrance door specified in the warrant. Accordingly, there was no risk that the executing officers would use any other door or mistakenly enter the wrong apartment. *See United States v. Durk,* 149 F.3d 464, 466 (6th Cir.1998) (finding warrant containing inaccurate description valid because "[u]nder the[ ] circumstances, no reasonable probability existed that the officers would search the wrong premises as a result of the inaccuracies"); *see also United States v. Gitcho,* 601 F.2d 369, 372 (8th Cir.1979) (holding that fact that agents executing warrant personally knew which premises were the target of the search, among other factors, validated a search pursuant to a warrant providing the incorrect address). We agree with the District Court that "the substance of what was presented to [the issuing judge]

... adequately support[ed] the issuance of the warrant to search the particular premises," and also find that, under the circumstances, there was no reasonable probability that the executing officers would mistakenly enter the wrong premises. Accordingly, we conclude that the application for the warrant was sufficient.

■ Appellant also claims that the District Court erred by permitting the jury to consider both Count IV of the indictment, charging him with possessing a firearm after having been previously convicted of a felony, *see* 18 U.S.C. § 922(g)(1), and Count V, charging him with possessing ammunition after having been previously convicted of a felony, *see* 18 U.S.C. § 922(g)(1). Specifically, appellant contends that because the jury was instructed that it could convict him of possessing ammunition as alleged in Count V on the basis of either the .38 caliber bullets recovered from his pants pocket or those found in the .38 caliber gun recovered from his apartment, the jury was improperly permitted to consider multiplicitous charges arising out of a single act of firearm possession. *See, e.g., United States v. Pelusio,* 725 F.2d 161, 168–69 (2d Cir.1983) (holding that defendant may not be lawfully convicted of a separate ammunitions receipt charge under 18 U.S.C. § 922(h) absent evidence that ammunition recovered with firearms had been received on a different occasion). Since appellant did not timely object to this portion of the charge to the jury, we review for plain error. *See* Fed.R.Crim.P. 52(b); *United States v. Feliciano,* 223 F.3d 102, 114–15 (2d Cir.2000).

Appellant, however, was convicted of Count V but acquitted of Count VI. Therefore, any error resulting from the court's charge—had it been preserved—was harmless. In any event, appellant has not demonstrated that the submission to the jury of both Counts IV and V prejudiced

him or affected his substantial rights. *See, e.g., United States v. Olano,* 507 U.S. 725, 732, 113 S.Ct. 1770, 123 L.Ed.2d 508 (1993).

■ Lastly, appellant claims that the failure of the government to prove at trial that the bullets were "live," as alleged in the indictment, requires reversal on the ammunitions possession charge. That the bullets are "live," however, is not an element of § 922(g)(1), and the government was therefore not required to make any showing in this regard.

We have considered appellant's remaining arguments and find them without merit. Accordingly, the judgment of the District Court is AFFIRMED.