**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

No. 04-4323

———————

UNITED STATES OF AMERICA,

                              Plaintiff - Appellee,

        versus

ROBERT SANDERS MOORE,

                              Defendant - Appellant.

———————

Appeal from the United States District Court for the Middle District of North Carolina, at Durham.  Frank W. Bullock, Jr., District Judge.  (CR-03-382)

———————

Submitted:  November 22, 2004        Decided:  December 29, 2004

———————

Before LUTTIG, MICHAEL, and GREGORY, Circuit Judges.

———————

Affirmed by unpublished per curiam opinion.

———————

Louis C. Allen, III, Federal Public Defender, John A. Dusenbury, Jr., Assistant Federal Public Defender, Greensboro, North Carolina, for Appellant.  Anna Mills Wagoner, United States Attorney, Michael A. DeFranco, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Robert Sanders Moore entered a conditional guilty plea to possession of a firearm by a convicted felon under 18 U.S.C. §§ 922(g)(1), 924(a)(2) (2000), reserving the right to appeal the denial of his motion to suppress evidence seized following execution of a search warrant. On appeal, Moore asserts that the search warrant was invalid and that evidence seized following the execution of the search warrant is fruit of the poisonous tree. Finding no merit to his claims, we affirm.

Moore, a convicted felon, resided at 401A Meredith Avenue and sold drugs from this location. In his application for a search warrant for this address and his supporting affidavit, the police detective inadvertently referred interchangeably to "401A Meredith Avenue" and "401A Mendota Avenue." The warrant itself listed "401 A Mendota Avenue" as the address to be searched. Following execution of the search warrant, officers found the firearm that resulted in Moore's conviction.

Moore argues that the search warrant was invalid because it referred to Mendota Avenue instead of Meredith Avenue. We find that this technical error did not invalidate the search warrant.

The Fourth Amendment provides that "no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized." U.S. Const. amend. IV. The

requirement for particularity "ensures that the search will be carefully tailored to its justifications, and will not take on the character of the wide-ranging exploratory searches the Framers intended to prohibit."  Maryland v. Garrison, 480 U.S. 79, 84 (1987).  The particularity requirement is satisfied when an officer in possession of a search warrant describing a particular place to be searched can reasonably ascertain and identify the intended place to be searched.  United States v. Owens, 848 F.2d 462, 463 (4th Cir. 1988) (citing Steele v. United States, 267 U.S. 498, 503 (1925)).  Even if the description of the place to be searched is mistaken, there is no Fourth Amendment violation when the officers executing the search reasonably believe that the warrant is sufficiently particular and that they are searching the correct location.  Garrison, 480 U.S. at 84-89.  An erroneous description or a factual mistake in the search warrant will not necessarily invalidate the warrant and the subsequent search.  Owens, 848 F.2d at 463-64.

In this case, it was clear to the officers that they were to search Moore's residence and that he resided at 401A Meredith Avenue.  The application for the search warrant and the affidavit in support of the application inadvertently mentioned 401A Mendota Avenue, a similar sounding address; however, the majority of the references in these documents were to the correct address:  401A Meredith Avenue.  Furthermore, the warrant clearly concerned the

- 3 -

illegal activities of a particular individual, Moore, and the officers knew that he resided at 401A Meredith Avenue and had been investigating Moore's drug dealing at that address.  We find that under the facts of this case, the technical error in the search warrant did not invalidate the warrant or the evidence seized when the warrant was executed.  We therefore conclude that the district court properly denied Moore's suppression motion.

For these reasons, we affirm Moore's conviction.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED