**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 07-4418**

---

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

BINICA NICOLE BROOKS,

        Defendant - Appellant.

---

**No. 07-4419**

---

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

BENJAMIN STEVEN DAVIS,

        Defendant - Appellant.

---

**No. 07-4999**

---

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

v.

BARRY ELIJAH DAVIS,

                    Defendant - Appellant.

_____

Appeals from the United States District Court for the District of Maryland, at Baltimore.  Marvin J. Garbis, Senior District Judge. (1:06-cr-00005-MJG)

_____

Submitted:  August 27, 2008          Decided:  September 22, 2008

_____

Before MOTZ and GREGORY, Circuit Judges, and WILKINS, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

Alan Royce Lee Bussard, Towson, Maryland; Andrew C. White, SILVERMAN, THOMPSON, SLUTKIN & WHITE, Baltimore, Maryland; Martin H. Schreiber, II, LAW OFFICE OF MARTIN H. SCHREIBER, II, LLC, Baltimore, Maryland, for Appellants.  Rod J. Rosenstein, United States Attorney, Stephanie A. Gallagher, Barbara S. Sale, Assistant United States Attorneys, Baltimore, Maryland, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Binica Nicole Brooks, Benjamin Steven Davis ("Benjamin"), and Barry Elijah Davis ("Barry") appeal their convictions relating to the production of counterfeit checks. Brooks pled guilty to conspiracy to commit bank fraud, in violation of 18 U.S.C. § 371 (2000); Benjamin pled guilty to bank fraud and aiding and abetting such fraud, in violation of 18 U.S.C. §§ 2, 1344 (2000); and Barry pled guilty to mail fraud, in violation of 18 U.S.C.A. § 1341 (West 2000 & Supp. 2008). Finding no reversible error, we affirm.

Maryland state troopers obtained a search warrant for Benjamin's residence, describing it as a single-family home. When the troopers executed the warrant in the early morning hours of January 17, 2005, they found the first floor occupied, the second floor empty, and a cluttered attic. After searching the residence, the troopers seized evidence only from the first floor, where Benjamin resided. In the past, the first and second floors had been rented as separate units, but at the time of the search the second floor had been vacant for four months.

The Appellants claim the search warrant was invalid because it identified the residence as a single-family home when it was a multi-unit dwelling. We review factual findings underlying a district court's suppression determination for clear error and the district court's legal conclusions de novo. United States v.

3

Wilson, 484 F.3d 267, 280 (4th Cir. 2007) (citing Ornelas v. United States, 517 U.S. 690, 699 (1996)).

The Fourth Amendment provides that "no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized." U.S. Const. amend. IV. The requirement for particularity "ensures that the search will be carefully tailored to its justifications, and will not take on the character of the wide-ranging exploratory searches the Framers intended to prohibit." Maryland v. Garrison, 480 U.S. 79, 84 (1987). The particularity requirement is satisfied when an officer in possession of a search warrant describing a particular place to be searched can reasonably ascertain and identify the intended place to be searched. United States v. Owens, 848 F.2d 462, 463 (4th Cir. 1988) (citing Steele v. United States, 267 U.S. 498, 503 (1925)). Even if the description of the place to be searched is mistaken, there is no Fourth Amendment violation when the officers executing the search reasonably believe that the warrant is sufficiently particular and that they are searching the correct location. Garrison, 480 U.S. at 84-89. An erroneous description or a factual mistake in the search warrant will not necessarily invalidate the warrant and the subsequent search. Owens, 848 F.2d at 463-64.

"The validity of the warrant must be assessed on the basis of the information that the officers disclosed, or had a duty to discover and to disclose, to the issuing Magistrate." Garrison, 480 U.S. at 85. We conclude the troopers conducted a reasonable investigation of the residence for the search warrant under the circumstances. The investigation of the Davis residence occurred late at night following Benjamin's arrest. The troopers thus did not have access to official records other than tax records that bore no indication of whether the property was a multi-unit dwelling. The warrant's description of the property as a single family residence was buttressed by a physical assessment conducted by Trooper Lee Link. Although Link failed to notice that there were two mailboxes, one black and the other white, affixed to the residence and two doorbells on the doorframe, his ability to discern the black mailbox and two doorbells was significantly diminished by darkness and distance: he observed the residence at night and from across the street. Although he drove past the home several times, he understandably kept his distance to avoid detection. Further, the black mailbox was camouflaged by the dark coloring of the house, and the doorbells were small. Thus, both would have been difficult to see at night from Link's vantage point. Accordingly, the warrant was valid at the time of its issuance regardless of the fact that it contained a factual error about the character of the residence.

Appellants also claim that once the troopers entered the residence, they should have known immediately it was a multi-unit dwelling and should have terminated the search. The troopers testified they had no indication the residence was divided into multiple units, although the district court noted they should have noticed the potential use of the second floor as a separate unit. Even if the residence was a multi-unit dwelling and the troopers should have known it upon entry, their conduct did not violate the Fourth Amendment. There is no Fourth Amendment violation, despite mistake or overbreadth in a warrant, if officers reasonably believe the warrant is sufficiently particular and they are searching the correct location. Garrison, 480 U.S. at 84-89. In other words, upon discovering the residence was a multi-unit dwelling, the troopers would have been obligated to limit their search to the area specified in the warrant. Id. at 86 ("If the officers had known, or should have known, that the third floor contained two apartments before they entered the living quarters on the third floor, and thus had been aware of the error in the warrant, they would have been obligated to limit their search" to the apartment that was the subject of the warrant). As the troopers focused their search on the first floor where Benjamin resided and all the evidence seized came from that area, the troopers' actions were reasonable and the district court correctly denied Appellants' motion to suppress the evidence.

Accordingly, we affirm Appellants' convictions and sentence.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED