**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 08-4931**

UNITED STATES OF AMERICA,

            Plaintiff - Appellee,

      v.

BRIAN KEITH WATTS,

            Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Columbia.   Margaret B. Seymour, District Judge.   (3:06-cr-00452-MBS-11)

Submitted:  November 17, 2009      Decided:  November 19, 2009

Before WILKINSON, MICHAEL, and KING, Circuit Judges.

Affirmed by unpublished per curiam opinion.

W.  Michael  Duncan,  AUSTIN  &  ROGERS,  P.A.,  Columbia,  South Carolina,  for  Appellant.    W.  Walter  Wilkins,  United  States Attorney, Stanley D. Ragsdale, Assistant United States Attorney, Columbia, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Brian Keith Watts appeals his conviction by a jury on charges of conspiracy to manufacture, possess with intent to distribute, and distribution of 50 grams or more of methamphetamine and 500 grams or more of a mixture or substance containing methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A) (2006) (Count 1); manufacture and possession with intent to distribute 500 grams or more of a substance containing methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A) (Count 13); possession of materials used to manufacture a controlled substance, in violation of 21 U.S.C. §§ 843(a)(6), 843(d)(2) (2006) and 18 U.S.C. § 2 (2006) (Count 14); and possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1) (2006). Watts was sentenced to a 181-month term of imprisonment.

His sole challenge on appeal is to the validity of the search warrant used to search the residence in which Watts was living and a shed located behind that residence, the results of which search led to the discovery of various items that could be used in the manufacture of methamphetamine, as well as firearms, which evidence was used at trial against Watts. Watts moved to suppress the evidence on the ground that the warrant was defective because it failed to list an address, the affidavit used to obtain the warrant listed an incorrect address, and the

2

police allegedly did not make a good faith effort to describe with particularity the place to be searched. The district court denied Watts' motion to suppress.

We review a district court's ruling on a motion to suppress for clear error on factual findings and de novo on legal determinations. United States v. Cain, 524 F.3d 477, 481 (4th Cir. 2008). Facts are viewed in the light most favorable to the prevailing party, United States v. Jamison, 509 F.3d 623, 628 (4th Cir. 2007), and great deference is shown to the district court's findings of probable cause, Illinois v. Gates, 462 U.S. 213, 236 (1983).

We find no merit to Watts' claims. The description of the premises to be searched was sufficient to alert law enforcement officers as to the proper locations which were the subject of the search warrant, and were sufficient to meet constitutional muster. The execution of the warrant was headed by the lead agent, who previously had engaged in surveillance, including aerial surveillance, of the locations to be searched. While the Fourth Amendment[1] requires that a warrant particularly

---

[1] Watts' assertion that the warrant did not meet state statutory requirements does not appear to have been argued below. Even if it had, the Fourth Amendment provides the proper standard by which to review the admissibility in federal court of a search warrant and ensuing search. See United States v. Clyburn, 24 F.3d 613, 617-18 (4th Cir. 1994).

3

describe the place to be searched, that standard is met if the officer, can, with reasonable effort, ascertain and identify the place to be searched. United States v. Owens, 848 F.2d 462, 463 (4th Cir. 1988); Steele v. United States, 267 U.S. 498, 503 (1925). Moreover, even where a warrant contains a technical inaccuracy,[2] a sufficient description of the premises, especially where the executing officer had knowledge of the particular place to be searched, will meet the Fourth Amendment's particularity requirement. See, e.g., United States v. Blackwood, 913 F.2d 139, 142 (4th Cir. 1990).

Accordingly, we affirm the district court's denial of Watts' motion to suppress, and affirm Watts' conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

---

[2] While Watts alludes to an incorrect address being listed in the search warrant, neither the body of the search warrant nor the supporting affidavit contains an actual address upon which either the magistrate issuing the warrant or the officer executing the warrant relied.

4