**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 11-4232**

UNITED STATES OF AMERICA,

                    Plaintiff – Appellee,

          v.

NORMAN L. TALLEY, a/k/a Storm,

                    Defendant – Appellant.

Appeal from the United States District Court for the Southern
District of West Virginia, at Huntington.  Robert C. Chambers,
District Judge.  (3:10-cr-00038-1)

Submitted: September 26, 2011        Decided: October 11, 2011

Before WILKINSON, AGEE, and DIAZ, Circuit Judges.

Affirmed by unpublished per curiam opinion.

John H. Tinney, Jr., THE TINNEY LAW FIRM, PLLC, Charleston, West
Virginia, for Appellant. R. Booth Goodwin, II, United States
Attorney, Joseph F. Adams, Special Assistant United States
Attorney, Huntington, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Following a two-day trial, a jury convicted Norman L. Talley of conspiracy to distribute fifty grams or more of crack cocaine and a quantity of heroin, in violation of 21 U.S.C. §§ 841(a), 846 (2006) (Count One), possession with intent to distribute fifty grams or more of crack cocaine, in violation of 21 U.S.C. § 841(a) (2006) (Count Two), possession with intent to distribute a quantity of heroin, in violation of 21 U.S.C. § 841(a) (Count Three), and being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g), 924(a)(2) (2006) (Count Four). The district court sentenced Talley to a total of 210 months in prison. We affirm.

Talley first contends that the district court erred in denying his motion to suppress the evidence seized in the search of his trailer. Talley claims that the warrant was facially invalid as it failed to comport with the Fourth Amendment particularity requirements. This court reviews the factual findings underlying a denial of a motion to suppress for clear error and the legal conclusions de novo. United States v. Blake, 571 F.3d 331, 338 (4th Cir. 2009). Where, as here, the district court denied the motion to suppress, the evidence is reviewed in the light most favorable to the government. United States v. Hernandez-Mendez, 626 F.3d 203, 206 (4th Cir. 2010), cert. denied, 131 S. Ct. 1833 (2011).

The Fourth Amendment requires that warrants: (1) be issued by a neutral, detached magistrate, (2) contain a particularized description of the place to be searched and persons or things to be seized, and (3) be based on probable cause, supported by oath or affirmation. United States v. Clyburn, 24 F.3d 613, 617 (4th Cir. 1994). The requirement for particularity "ensures that the search will be carefully tailored to its justifications, and will not take on the character of the wide-ranging exploratory searches the Framers intended to prohibit." Maryland v. Garrison, 480 U.S. 79, 84 (1987). The particularity requirement is satisfied when an officer in possession of a search warrant describing a particular place to be searched can reasonably ascertain and identify the intended place to be searched and the items to be seized. Steele v. United States, 267 U.S. 498, 503 (1925). This court has approved a warrant's cross-reference to attached documents, such as the two documents attached and incorporated by reference in this case. United States v. Hurwitz, 459 F.3d 463, 470-71 (4th Cir. 2006). Our review of the record leads us to conclude that the warrant satisfied the Fourth Amendment requirements, and therefore, the district court did not err in denying Talley's motion to suppress.

Talley next contends that the evidence was insufficient to support a finding of guilt as to each of his

3

counts of conviction. We review de novo a district court's decision to deny a Rule 29 motion for a judgment of acquittal. United States v. Hickman, 626 F.3d 756, 762-63 (4th Cir. 2010). "A defendant challenging the sufficiency of the evidence faces a heavy burden." United States v. Foster, 507 F.3d 233, 245 (4th Cir. 2007). A jury verdict must be sustained if, viewing the evidence in the light most favorable to the government, the verdict is supported by substantial evidence. Hickman, 626 F.3d at 763. "[S]ubstantial evidence is evidence that a reasonable finder of fact could accept as adequate and sufficient to support a conclusion of a defendant's guilt beyond a reasonable doubt." Id. (internal quotation marks omitted). We, as an appellate court, cannot make credibility determinations and must assume the jury resolved all testimonial contradictions in the government's favor. United States v. Pennigraft, 641 F.3d 566, 572 (4th Cir. 2011). "Reversal for insufficient evidence is reserved for the rare case where the prosecution's failure is clear." United States v. Ashley, 606 F.3d 135, 138 (4th Cir.) (internal quotation marks omitted), cert. denied, 131 S. Ct. 428 (2010).

To prove a conspiracy charge under 21 U.S.C. § 846, the government must establish (1) an agreement between the defendant and at least one other person to engage in conduct violating a federal drug law; "(2) the defendant's knowledge of

4

the conspiracy; and (3) the defendant's knowing and voluntary participation in the conspiracy." Hickman, 626 F.3d at 763 (internal quotation marks omitted). A thorough review of the record indicates that the evidence, primarily consisting of extensive testimony from Talley's codefendant and Talley's customers, as well as physical evidence recovered from the search, was sufficient to convict Talley of conspiracy to possess with intent to distribute both cocaine base and heroin.

Next, Talley argues that his convictions for possession with intent to distribute crack cocaine and heroin were not supported by sufficient evidence. With respect to Counts Two and Three, the government was required to prove "(1) possession of the controlled substance; (2) knowledge of the possession; and (3) intent to distribute." United States v. Hall, 551 F.3d 257, 267 n.10 (4th Cir. 2009). We conclude that the same evidence that supports Count One suffices to support a finding of guilt on Counts Two and Three.

Talley also challenges the evidentiary sufficiency of his conviction for possession of a firearm by a convicted felon. To support such a conviction under 18 U.S.C. § 922(g)(1), the government must prove the following elements: "(1) the defendant previously had been convicted of a [felony]; (2) the defendant knowingly possessed . . . the firearm; and (3) the possession was in or affecting commerce, because the firearm had traveled

5

in interstate or foreign commerce at some point during its existence." United States v. Moye, 454 F.3d 390, 394-95 (4th Cir. 2006) (en banc). Our review of the record reveals that the Government presented evidence sufficient to satisfy all three elements of the crime, and therefore sufficient to support a finding of guilt.

Lastly, Talley contends that the district court erred in applying the enhanced sentencing provisions of 21 U.S.C. § 851 because some of the documentation relating to Talley's prior convictions was unavailable. Because the district court sentenced Talley pursuant to 21 U.S.C. § 841(b)(1)(B) as amended by the Fair Sentencing Act of 2010, which has only one level of enhancement for one prior qualifying conviction, and because one of the prior convictions cited by the Government in its 21 U.S.C. § 851 amended information is not subject to challenge on account of its age, § 851(e), this claim is unavailing even if Talley's challenge to the validity of his second prior conviction is credited.

Accordingly, we affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED