# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**State of West Virginia,**
**Plaintiff Below, Respondent**

**FILED**

November 21, 2014

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs) No. 14-0220** (Boone County 13-F-23)

**Bruce Harper,**
**Defendant Below, Petitioner**

## MEMORANDUM DECISION

Petitioner Bruce Harper, by counsel David A. Ford, appeals his conviction for possession of a controlled substance with intent to manufacture in violation of West Virginia Code § 60A-4-401 on the ground that the circuit court erred in failing to suppress evidence obtained during the execution of a search warrant of petitioner's home and outbuildings. The Circuit Court of Boone County entered petitioner's sentencing order on January 13, 2014. The State of West Virginia, by counsel Derek Knopp, filed a response in support of the circuit court's denial of petitioner's motion to suppress.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

On September 30, 2011, West Virginia State Police Trooper J.R. Brewer received information from a credible confidential informant ("CI") that petitioner was selling marijuana from one or more of his properties in Bandytown, a small town located in Boone County, West Virginia. The CI described the trailer in which he claimed petitioner lived and an adjacent house that petitioner was remodeling. The CI said he had seen illegal drugs in both the trailer and the house. The CI also described the location of petitioner's property and said there was a wagon wheel in petitioner's yard. Thereafter, the trooper had the CI call a 911 operator to describe the location in order to obtain an address. The 911 operator determined that the trailer and the house were located, respectively, at 91 and 92 Chester Lane. However, the actual address for petitioner's property was Karla Lane, about two blocks away from Chester Lane.

The following day, Trooper Brewer obtained a warrant to search petitioner's property for evidence of illegal drugs and/or money. The warrant described the location of the places to be searched as the follows:

1.      Boone County, Bandytown, single wide trailer, white and red in color.
Further described as 91 Chester Lane. Residence of Bruce Harper.

1

2.     Boone County, Bandytown, single story house, white in color with covered wooden front porch. Further described as 92 Chester Lane, also where Bruce Harper residence [sic].

3.     Boone County, Bandytown, any outbuildings, sheds, shelters, and vehicles on either property of 91 or 92 Chester Lane, in Bandytown, WV.

Additionally, the warrant provided that "Bruce Harper . . . is also remodeling [the] house . . . (listed as location 2 above)." However, neither the affidavit for the search warrant, nor the search warrant, mentioned the wagon wheel in petitioner's yard.

That same day, Trooper Brewer and other officers went to Bandytown to execute the search warrant, but they were unable to locate a sign for "Chester Lane." The trooper eventually found a house with a wagon wheel in the yard. On further inspection, the trooper saw that the house was white, had a wood porch on one side, was situated next to a red and white trailer, and a detached garage nearby the house showed signs of being remodeled. The trooper also saw a sign on the house indicating that it was petitioner Bruce Harper's residence. The trooper and other officers then searched the house, the adjacent garage, and a small white shed on the property. During their search, the officers discovered loose marijuana and individually-bagged marijuana in petitioner's detached garage, as well as scales and a grow room for cultivating marijuana. The officers did not search the red and white trailer because they learned it did not belong to petitioner.

Soon thereafter, petitioner was indicted on two counts, the second of which was possession of a controlled substance with intent to manufacture in violation of West Virginia Code § 60A-4-401.[1]

Petitioner moved to suppress the evidence obtained as a result of the search warrant. The circuit court held a hearing on the motion at which Trooper Brewer testified. By order entered September 11, 2013, the circuit court denied the motion to suppress. The circuit court found that the officers who executed the search warrant had particularized information sufficient to identify the place to be searched given that—other than an incorrect address—the property searched matched the description of the property named in the warrant and a sign on petitioner's house clearly indicated that it was his property.

Thereafter, petitioner asked the circuit court to reconsider its September 11, 2013, order denying relief on his motion to suppress. On December 17, 2013, the circuit court held a hearing on the motion and then orally denied relief.

On January 7, 2014, petitioner entered into a conditional plea agreement to the one count of possession of a controlled substance with intent to manufacture in exchange for the dismissal of the other count and the State standing silent at sentencing. However, petitioner reserved the

_____

[1] Petitioner failed to include his indictment or any information regarding the first count of the indictment in the appendix record provided to this Court.

right to seek appellate review of the circuit court's ruling on his motion to suppress the evidence obtained pursuant to the search warrant.

By order entered January 13, 2014, the circuit court sentenced petitioner to a period of one to three years in prison for his conviction of possession with intent to manufacture. However, the circuit court suspended the sentence and placed petitioner on supervised probation for a period of thirty-six months.

Petitioner now appeals to this Court.

> "In reviewing challenges to findings and rulings made by a circuit court, we apply a two-pronged deferential standard of review. We review the rulings of the circuit court concerning a new trial and its conclusion as to the existence of reversible error under an abuse of discretion standard, and we review the circuit court's underlying factual findings under a clearly erroneous standard. Questions of law are subject to a de novo review." Syllabus point 3, *State v. Vance*, 207 W.Va. 640, 535 S.E.2d 484 (2000).

Syl. Pt. 2, *State v. White*, 228 W.Va. 530, 722 S.E.2d 566 (2011).

Petitioner asserts two assignments of error on appeal. Petitioner first argues that the circuit court committed reversible error when it failed to suppress evidence obtained pursuant to the search warrant because the warrant failed to particularly describe the property to be searched as required by the Fourth Amendment of the United States Constitution and Section 6, Article III of the West Virginia Constitution. Petitioner highlights that the warrant included an inaccurate house number, street name, and description of the structures on petitioner's property. Petitioner also claims that the police illegally searched his garage because the search warrant did not specifically mention a garage.

We review such claims under the following standard of review.

> "When reviewing a ruling on a motion to suppress, an appellate court should construe all facts in the light most favorable to the State, as it was the prevailing party below. Because of the highly fact-specific nature of a motion to suppress, particular deference is given to the findings of the circuit court because it had the opportunity to observe the witnesses and to hear testimony on the issues. Therefore, the circuit court's factual findings are reviewed for clear error." Syllabus point 1, *State v. Lacy*, 196 W.Va. 104, 468 S.E.2d 719 (1996).

Syl. Pt. 13, *White*, 228 W.Va. at 535, 722 S.E.2d at 571. In construing all the facts related to petitioner's first assignment of error in the light most favorable to the State, and giving particular deference to the circuit court's findings, we find that the circuit court did not clearly err in denying petitioner's motion to suppress the evidence obtained during the execution of the search warrant at petitioner's property, including the evidence obtained during the search of petitioner's detached garage.

3

The United States Supreme Court has said it is enough if the description of the place intended to be searched in a search warrant is such that the executing officer can, with reasonable effort, ascertain and identify the place. *Steele v. U.S.*, 267 U.S. 498, 503 (1925). Likewise, in Syllabus Point 4 of *State v. Haught*, 179 W.Va. 557, 567, 371 S.E.2d 54, 64 (1988), we held that "the description contained in a search warrant is sufficient where a law enforcement officer charged with making a search may, by the description of the premises contained in the search warrant, identify and ascertain the place intended to be searched with reasonable certainty." This Court has also said that, "[a]lthough the description of the premises to be searched need not be accurate in every detail, it must furnish 'a sufficient basis for identification of the property so that it is recognizable from other adjoining and neighboring properties.' *State v. Daniels*, 46 N.J. 428, 437, 217 A.2d 610, 615 (1966)." 179 W.Va. at 567, 371 S.E.2d at 64.

In the case before us, it is clear that—despite the incorrect address in the search warrant—the description contained in the warrant particularly described petitioner's residence to the extent that the officers were able to identify the place to be searched with a reasonable amount of effort. As noted above, the warrant described a white house with a wood porch next to a red and white trailer. The warrant also indicated that a portion of the property was being remodeled. This description was sufficient for petitioner's property to be distinguished from neighboring properties in the small town of Bandytown.

As for petitioner's claim that the search warrant did not authorize the search of his detached garage, we find that the search warrant can reasonably be read as authorizing such a search given that it specifically provides for the search of "outbuildings." Clearly, the detached garage was an "outbuilding." Although the warrant lists outbuildings associated with the erroneous address, the warrant as a whole indicates that the outbuildings authorized to be searched were those located on petitioner's property. Clearly, the garage searched by the officers was located on petitioner's property. Therefore, we find that the officers' search of petitioner's garage was proper and within the confines of the search warrant. Thus, the circuit court did not clearly err in denying petitioner's motion to suppress on this ground.

Petitioner's second and final assignment of error is that the circuit court, in violation of Rule 41(c) of the West Virginia Rules of Criminal Procedure, clearly erred when it considered inadmissible evidence in denying petitioner's motion to suppress. Under Rule 41(c), "it is improper for a circuit court to permit testimony at a suppression hearing concerning information not contained in the search warrant affidavit to bolster the sufficiency of the affidavit. . . ." Syl. Pt. 2, *State v. Adkins*, 176 W.Va. 613, 346 S.E.2d 762 (1986). Specifically, petitioner claims that the trial court erroneously considered Trooper Brewer's testimony regarding the wagon wheel in petitioner's yard because that information was not contained within the search warrant affidavit or the search warrant. [2]

---

[2] Petitioner also claims that the circuit court violated Rule of Criminal Procedure 41(c) when it considered Trooper Brewer's testimony that one of petitioner's neighbors told the trooper the location of petitioner's house. However, in reviewing petitioner's citation to the record on appeal regarding this assignment of error, we find that Trooper Brewer actually testified that he spoke with petitioner's neighbor only *after* he had located and searched petitioner's property. Given that petitioner fails to provide any evidentiary support for his claim,

4

With regard to petitioner's second assignment of error, the record on appeal reveals the following discourse at the September 4, 2013, hearing on petitioner's motion to suppress. Trooper Brewer testified that he could not locate Chester Lane. However, while he was in Bandytown, he found a house that had a wagon wheel in a front yard. Petitioner's counsel immediately objected to this testimony on the ground that the wagon wheel was not mentioned in the trooper's affidavit or in the resulting search warrant. The prosecuting attorney was uncertain of the status of the wagon wheel information, but agreed that if it was not included in the affidavit or warrant, he would concur with the objection. The circuit court took the matter under advisement, pending its review of the record.

One week later, the circuit court entered its September 11, 2013, order denying petitioner's motion to suppress the evidence obtained pursuant to the search warrant. In that order, the circuit court never mentions a wagon wheel, nor does it rely in any manner on the Trooper's wagon wheel testimony to bolster the sufficiency of the affidavit or the resulting search warrant. Further, at the December 17, 2013, hearing on petitioner's motion to reconsider his motion to suppress, petitioner's counsel directly asked the circuit court whether it had based its earlier denial of relief on the wagon wheel information. The court replied, "If it's not part of the search warrant [,] you can't include it . . . ." Thus, the circuit court clearly stated that it did not rely on information outside of the affidavit or search warrant in rendering its decision. On this record, we find that petitioner fails to support his claim that the circuit court erred by violating Rule 41(c) in this case. As such, we deny relief on this assignment of error.

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:** November 21, 2014

**CONCURRED IN BY:**

Chief Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II

---

we decline to address it further herein. *See State v. White*, 228 W.Va. 530, 722 S.E.2d 566 (2011) ("Typically, this Court will not address issues that have not been properly briefed.").