NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————

No. 08-4719

———————

UNITED STATES OF AMERICA

v.

DEREK MERCHANT,
Appellant

———————

Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Criminal No. 07-cr-00419-001)
District Judge: Honorable William W. Caldwell

———————

Submitted Under Third Circuit LAR 34.1(a)
March 25, 2010

Before: RENDELL, FUENTES and CHAGARES, Circuit Judges.

Filed: April 15, 2010

———————

OPINION OF THE COURT

———————

RENDELL, Circuit Judge.

Defendant Derek Merchant was found guilty after a bench trial of distributing, and

possessing with intent to distribute, more than 50 grams of cocaine base, and conspiracy

to do the same. Although Merchant sought to appeal his conviction, his counsel filed a

motion in accordance with *Anders v. California*, 386 U.S. 738 (1967), seeking to withdraw from representing Merchant and asserting that there are no nonfrivolous arguments for appeal. We find that counsel has failed to satisfy his obligations under *Anders*. However, based on our independent review of the record, and our review of the arguments raised by Merchant in a brief filed *pro se*, we agree that any appeal would be patently frivolous and will grant counsel's motion.

In *Anders*, the Supreme Court held that "if counsel finds his case to be wholly frivolous, *after a conscientious examination of it*, he should so advise the court and request permission to withdraw." 386 U.S. at 744 (emphasis added). However, counsel must support his request with "a brief referring to anything in the record that might arguably support the appeal." *Id.* Thus, counsel has two obligations: "(1) to satisfy the court that he or she has thoroughly scoured the record in search of appealable issues; and (2) to explain why the issues are frivolous." *United States v. Marvin*, 211 F.3d 778, 780 (3d Cir. 2000). Although "counsel need not . . . raise and reject every possible complaint . . . , the brief at minimum must assure us that counsel has made a sufficiently thorough evaluation of the record to conclude that no further discussion of other areas of the case is necessary." *Id.* (internal quotation marks, citations, and alteration omitted).

Counsel's brief in this case does not give us this assurance. Counsel identifies two possible grounds for appeal. He first argues that evidence recovered in a search of 405 S. Wayne Street should have been suppressed because of a typographical error in the

2

affidavit supporting the search warrant. Although the search in question was conducted at 405 S. Wayne Street, which was the address identified by the warrant, the supporting affidavit mistakenly referred to 405 S. *Grand* Street. The defense initially identified this error in a pretrial suppression motion, which the District Court denied. The District Court's decision is subject to plenary review. *United States v. Shields*, 458 F.3d 269, 276 (3d Cir. 2006). The District Court correctly found that this error did not justify suppression of the evidence, since the warrant itself contained the correct address and was therefore sufficient to allow the police to "ascertain and identify the place intended." *Steele v. United States*, 267 U.S. 498, 503 (1925). In addition, the evidence seized would have been admissible under the good faith exception, since the police acted in good faith in obtaining the warrant and acted within the scope of the warrant in executing the search. *See United States v. Williams*, 3 F.3d 69, 74 (3d Cir. 1993).

The second possible error identified by counsel is the District Court's decision not to impose a below-Guidelines sentence on the basis of the sentencing disparity between crack cocaine and powder cocaine. Where, as here, an alleged error in sentencing was raised before the District Court, we review the sentence for abuse of discretion. *United States v. Russell*, 564 F.3d 200, 203 (3d Cir. 2009). We find no error in the 170-month sentence imposed by the District Court, which was within the Guidelines and was imposed after sufficient consideration of the factors specified by 18 U.S.C. § 3553. The sentence was procedurally and substantively reasonable, and the Court was not required

to impose a below-Guidelines sentence that reflected the cocaine sentencing disparity. *See United States v. Gunter*, 462 F.3d 237, 249 (3d Cir. 2006) ("[T]he District Court is under no obligation to impose a sentence below the applicable Guidelines range solely on the basis of the crack/powder cocaine differential.").

As counsel argues, both of these issues are frivolous, as neither is even remotely "arguable on [its] merits." *Anders*, 386 U.S. at 744. The grounds for appeal identified by Merchant, in a lengthy brief submitted *pro se*, are more promising. Although we ultimately conclude that those issues are also frivolous, we are troubled by counsel's failure to even address them. Indeed, several of the issues identified by Merchant were far more worthy of discussion in an *Anders* brief than the two issues identified by counsel.

With the exception of his arguments regarding suppression of evidence and the admission of hearsay testimony, none of the issues raised by Merchant were preserved before the District Court, and all are thus subject to plain error review. "A defendant must satisfy a four-prong test to be successful under plain error review: there must be (1) an error; (2) that is plain; (3) which affects substantial rights; and (4) seriously impairs the fairness, integrity, or public reputation of judicial proceedings." *United States v. Cesare*, 581 F.3d 206, 209 (3d Cir. 2009). Merchant has failed to show that the District Court erred, much less that it plainly erred, with respect to any of the issues that he has identified on appeal.

First, Merchant argues that the District Court should not have allowed him to waive his right to a jury trial without first ordering a psychological evaluation. However, "a competency determination is necessary only when a court has reason to doubt the defendant's competence." *Godinez v. Moran*, 509 U.S. 389, 401 n.13 (1993). Although Merchant suggests that the District Court should have doubted his competence because he "constantly argu[ed] with his attorneys, and . . . exhibit[ed] a complete distrust of the quality of each attorney's performance," Appellant's Br. at 5a, a contentious relationship between a defendant and his attorney does not, on its own, require a court to question the defendant's competence. In this case, certain factors were also present that indicated that a competency determination was unnecessary. Less than four months before Merchant waived his right to a jury trial, defense counsel objected to a motion by the Government to compel a psychiatric examination, stating that Merchant "was respectful . . . and showed appropriate deference to" the advice of counsel. Dkt. Entry 65 ¶ 4. In addition, during trial, which was held eight days after he signed the waiver, Merchant demonstrated through fairly cogent, intelligent testimony that he had sufficient "ability to consult with his lawyer with a reasonable degree of rational understanding" and that he had "a rational as well as factual understanding" of the proceedings. *See Godinez*, 509 U.S. at 396 (internal quotation marks and citation omitted).

Second, Merchant argues that the evidence seized during the search of 405 S. Wayne Street should have been suppressed because the search warrant was not supported

5

by probable cause. This argument was raised before the District Court and is subject to plenary review. Contrary to Merchant's contention, the affidavit supporting the warrant application presented sufficient facts for the magistrate to conclude that "there [was] a fair probability that contraband or evidence of a crime [would] be found" at the Wayne Street house. *Illinois v. Gates*, 462 U.S. 213, 238-39 (1983). According to the affidavit, after a confidential informant contacted Merchant (in the presence of the police) to arrange a drug purchase, a Dodge truck left the apartment where Merchant was staying and traveled to the designated location for the transaction. The police observed the informant walk to the truck with $250 and return with crack cocaine. The truck then returned to the apartment, and the informant told the police that he had purchased the cocaine from Merchant. The affidavit's account of this "controlled buy" was sufficient to support the issuance of a search warrant.

Third, Merchant challenges the sufficiency of the evidence introduced at trial. When reviewing a challenge to the sufficiency of the evidence, "we review the evidence in the light most favorable to the government as verdict winner, and we must affirm the conviction if a rational trier of fact could have found defendant guilty beyond a reasonable doubt, and the verdict is supported by substantial evidence." *United States v. Shambry*, 392 F.3d 631, 634 (3d Cir. 2004) (internal quotation marks, citations, and alterations omitted). With respect to the distribution charge, Merchant contends that the Government failed to show that the police officers had directly witnessed him engaging in

6

a drug sale. However, Merchant has not cited any authority which requires the Government to make such a showing. In addition, we agree with the Government that it met its burden at trial. The Government introduced considerable evidence to support the distribution charge: the testimony of Dustin Jabs, Donald Beaston, and Cynthia Duncan regarding their purchases of drugs from Merchant; the testimony of police officers Eric Norman and Richard Leight regarding three controlled drug purchases from Merchant made by Jabs and Beaston under the officers' supervision; as well as a check that Duncan used to purchase drugs from Merchant, a recording of a phone call in which Merchant agreed to sell drugs to Beaston, a duffel bag containing drugs that was seized from Merchant at the time of his arrest, and laboratory reports confirming that the substances sold by Merchant and seized from him at the time of his arrest were crack cocaine.

With respect to the conspiracy charge, Merchant contends that the Government failed to prove the existence of an agreement with other coconspirators. We disagree. "To establish a charge of conspiracy, the Government must show (1) a shared unity of purpose, (2) an intent to achieve a common illegal goal, and (3) an agreement to work toward that goal, which [the defendant] knowingly joined." *United States v. Boria*, 592 F.3d 476, 481 (3d Cir. 2010). The existence of a conspiracy "can be inferred from evidence of related facts and circumstances from which it appears, as a reasonable and logical inference, that the activities of the participants could not have been carried on except as a result of a preconceived scheme or common understanding." *Id.* During trial,

Brittany Rittenhouse testified that she drove Merchant to New York so that he could acquire drugs from a drug dealer based there. Beaston testified that he arranged for Merchant to sell drugs to at least three other individuals, and all of those individuals confirmed that they had purchased drugs from Merchant. In conjunction with the extensive evidence of Merchant's drug distribution activities, this evidence was sufficient to show an agreement, unity of purpose, and common intent among Merchant, Rittenhouse, and Beaston to distribute illegal drugs.

Merchant argues that he could not have conspired with Beaston because Beaston was a government informant. However, Beaston had not yet become an informant at the time that he arranged these drug sales. Merchant also argues that he could not have conspired with either Beaston or Rittenhouse because they both purchased drugs from him. As Merchant notes, "a simple buyer-seller relationship, without any prior or contemporaneous understanding beyond the sales agreement itself, is insufficient to establish that the buyer was a member of the seller's conspiracy." *United States v. Gibbs*, 190 F.3d 188, 198 (3d Cir. 1999). However, Merchant's relationships with Beaston and Rittenhouse were not "simple buyer-seller relationship[s]." *Id.* Because he worked with Beaston to expand his client base and with Rittenhouse to transport the illegal drugs, there was substantial evidence of an "understanding beyond the sales agreement itself." *Id.*

Fourth, Merchant argues that hearsay testimony was improperly admitted during trial. When, as here, a defendant objected to an evidentiary ruling before the District

8

Court, we review that ruling for abuse of discretion. *United States v. Tomko*, 562 F.3d 558, 564-65 (3d Cir. 2009). Merchant's primary challenge appears to be to the Court's decision to allow Officer Norman to testify that Jabs and Beaston had agreed to buy drugs from Merchant as part of the police investigation. However, these statements were not "offered in evidence to prove the truth of the matter asserted," Fed. R. Evid. 801, and were thus not hearsay. Instead, the District Court provisionally admitted these statements, subject to the condition that Jabs and Beaston would testify at trial, to provide background for Norman's testimony regarding the investigation. We conclude that the District Court did not abuse its discretion in so doing. To the extent that Merchant challenges other instances in which hearsay testimony was admitted, we have reviewed the record and can find no basis for any other evidentiary challenges.

Fifth, Merchant challenges the admission of two Pennsylvania State Police laboratory reports concluding that the drugs sold by Merchant during the controlled buys were cocaine. Merchant contends that it was inconsistent with the Supreme Court's recent decision in *Melendez-Diaz v. United States*, 129 S. Ct. 2527 (2009), to admit these reports without requiring live testimony from the analysts who wrote them. However, the *Melendez-Diaz* Court recognized that a defendant can be constitutionally "compelled to exercise his Confrontation Clause rights before trial," and that "[d]efense attorneys and their clients will often stipulate to the nature of the substance" of a laboratory report, rather than "insist[ing] on live testimony whose effect will be merely to highlight rather

9

than cast doubt upon the forensic analysis." *Id.* at 2541-42. Here, Merchant specifically stipulated that these reports "may be admitted into evidence in the trial of this case without the necessity of further testimony or proof," Supp. App. 1, and defense counsel did not raise any further objection to their admission at trial. There was thus no violation of the *Melendez-Diaz* rule in this case.

Sixth, Merchant contends that Officer Norman improperly testified as an expert witness regarding the content of the laboratory reports. We disagree. Norman did not offer any testimony "based on scientific, technical, or other specialized knowledge" regarding the analysis of the drugs purchased from Merchant. Fed. R. Evid. 701(c). To the contrary, Officer Norman appears to have done nothing more than recite the substance of the lab reports.

Finally, Merchant argues that his counsel was ineffective because he failed to raise objections regarding several of the issues identified above, either before the District Court or on appeal. However, "[i]neffective assistance of counsel claims are not generally entertained on direct appeal," and this case does not fall within the narrow class of cases where "the record is sufficient to allow determination of ineffective assistance of counsel, [such that] an evidentiary hearing to develop the facts is not needed." *United States v. Headley*, 923 F.2d 1079, 1083 (3d Cir. 1991). We therefore decline to consider the ineffective assistance claim at this time.

Like with the issues identified by counsel, we find the issues identified by

Merchant in his *pro se* brief to be patently frivolous. "[I]n those cases in which frivolousness is patent, we will not appoint new counsel even if an *Anders* brief is insufficient to discharge current counsel's obligations to his or her client and this court." *United States v. Coleman*, 575 F.3d 316, 321 (3d Cir. 2009). We will therefore affirm the Judgment of the District Court and, in a separate order, grant counsel's motion to withdraw, notwithstanding counsel's failure to satisfy his obligations under *Anders*. However, we remind counsel "to heed carefully the requirements of *Anders* and our Local Rules implementing that decision." *Id.* at 322.