**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 10-4053**

UNITED STATES OF AMERICA,

              Plaintiff - Appellee,

        v.

CARLTON BRONTA MAY,

              Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at New Bern.  Louise W. Flanagan, Chief District Judge.  (5:08-cr-00331-FL-1)

Submitted:  June 27, 2011          Decided:  September 21, 2011

Before GREGORY, SHEDD, and KEENAN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

W. James Payne, Shallotte, North Carolina, for Appellant. George E. B. Holding, United States Attorney, Jennifer P. May-Parker, Jennifer E. Wells, Kristine L. Fritz, Assistant United States Attorneys, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Carlton Bronta May appeals his conviction and 300-month sentence for one count of conspiracy to distribute and possess with intent to distribute 50 grams or more of cocaine base in violation of 21 U.S.C. §§ 841(a)(1), 846 (2006) ("Count One"); one count of distribution of five grams or more of cocaine base in violation of 21 U.S.C. § 841(a)(1) ("Count Two"); one count of possession with intent to distribute five grams or more of cocaine base in violation of 21 U.S.C. § 841(a)(1) ("Count Three"); one count of possession of a firearm by a convicted felon in violation of 18 U.S.C. §§ 922(g)(1), 924 (2006) ("Count Four"); and one count of possession of a firearm in furtherance of a drug trafficking offense in violation of 18 U.S.C. § 924(c) ("Count Five"). He argues that the district court erred in denying his motion to suppress certain evidence, that insufficient evidence supported his conviction, and that the court erred in its drug quantity finding for sentencing. We affirm.

May was indicted after police executed a search warrant on his home, catching him in the act of trying to dispose of cocaine base in the toilet, and discovering firearms, currency, more cocaine base, digital scales and drug packaging materials. Prior to executing the warrant, police arranged a controlled purchase wherein an informant, Tyrone Kenney,

2

purchased fourteen grams of cocaine base from May for $400. After he was arrested and read his <u>Miranda</u>[*] warnings, May made inculpatory statements to police indicating that he owned the firearms despite his prior felony conviction and had distributed significant quantities of cocaine and cocaine base.

May moved prior to trial to suppress the evidence seized during the search. He argued that the address listed on the affidavit for his home is actually shared by three trailer homes and the warrant was thus not sufficiently particularized. The magistrate judge recommended denying the motion and the district court adopted that recommendation.

At trial, the Government adduced evidence from the police who arranged the controlled purchase and executed the warrant, as well as Kenney and another witness, George Jefferson, who testified that they frequently purchased cocaine and cocaine base from May. May's witnesses testified that May was not a drug dealer and that they did not observe May sell Kenney cocaine base on the day of the controlled purchase. May was convicted of each count of the indictment.

Prior to sentencing, the Probation Office issued a presentence investigation report ("PSR") indicating that based on the amount of cocaine base sold to Kenney, the amount

---

[*] <u>Miranda v. Arizona</u>, 384 U.S. 436 (1966).

recovered from the home, and the amount May stated in his interview with police, for sentencing purposes, May was accountable for 3304 grams of cocaine base. May objected, but the district court indicated that because it was contemplating sentencing May to the statutory mandatory minimum, disputing the drug quantity would be an academic exercise. May ultimately was sentenced to 300 months' imprisonment, the statutory mandatory minimum pursuant to 21 U.S.C. § 841(b)(1)(A) (2006) and 18 U.S.C. § 924(c) (2006). He noted a timely appeal.

I. Motion to Suppress

May argues that the district court erred in denying his motion to suppress. He claims error in four respects: (1) that the warrant was facially defective; (2) that the good faith exception should not apply; (3) that the seizure of the firearms was not authorized by the warrant or the plain view exception; and (4) that his statements were fruits of the illegal arrest. We review the factual findings underlying a district court's ruling on a motion to suppress for clear error and the court's legal conclusions de novo. United States v. Kelly, 592 F.3d 586, 589 (4th Cir.), cert. denied, 130 S. Ct. 3374 (2010). When evaluating the denial of a suppression motion, we construe the evidence in the light most favorable to the Government, the prevailing party below. Id.

4

a. Validity of the Warrant

May first claims that the warrant was invalid on its face because it was not sufficiently particular in describing the place to be searched. The validity of a search warrant is reviewed under the totality of the circumstances, determining whether the issuing judge had a substantial basis for finding there was probable cause to issue the warrant. Illinois v. Gates, 462 U.S. 213, 238-39 (1983); United States v. Grossman, 400 F.3d 212, 217 (4th Cir. 2005). We afford great deference to the probable cause determination of the issuing judge. United States v. Allen, 631 F.3d 164, 173 (4th Cir. 2011). We avoid applying "'hypertechnical' scrutiny of affidavits lest police officers be encouraged to forgo the warrant application process altogether." United States v. Robinson, 275 F.3d 371, 380 (4th Cir. 2001) (quoting Gates, 462 U.S. at 236).

The requirement for particularity in warrants "ensures that the search will be carefully tailored to its justifications, and will not take on the character of the wide-ranging exploratory searches the Framers intended to prohibit." Maryland v. Garrison, 480 U.S. 79, 84 (1987). The particularity requirement is satisfied when an officer in possession of a search warrant describing a particular place to be searched can reasonably ascertain and identify the intended place to be searched. Steele v. United States, 267 U.S. 498, 503 (1925).

5

The gravamen of May's objection to the warrant is that there are three trailer homes, located near one another, that share the same address. We are not persuaded by his argument. The application for the warrant described May and his vehicle, and the police involved were familiar with May and his home. Other courts of appeal have upheld the validity of a warrant where, as here, a potential ambiguity is remedied by the warrant's reference to the owner of the property or the subject of the search. See, e.g., United States v. Durk, 149 F.3d 464, 466 (6th Cir. 1998) (warrant not invalid when one part of the description of the premises to be searched is inaccurate, but the description has other parts that identify the place with particularity); United States v. Bedford, 519 F.2d 650, 655 (3d Cir. 1975) (noting that warrant lacking any physical description of particular apartment is valid if it specifies the name of the occupant of the apartment against which it is directed); United States v. Gitcho, 601 F.2d 369, 371 (8th Cir. 1979) (stating that personal knowledge of agents executing the warrant of particular premises intended to be searched validated a search pursuant to a warrant providing the incorrect address). Here, it is clear that the officers executing the warrant knew which trailer home was to be searched and there was minimal risk of mistake. We accordingly conclude that May's argument is without merit.

Because we conclude that the warrant was not overbroad, we need not address whether the officers' conduct was reasonable for the purposes of the United States v. Leon, 468 U.S. 897, 922-26 (1987) good faith exception.

b. Firearms Seizure

May next argues that the firearms were improperly seized. He argues that because the warrant application only listed specific drugs, and items indicating the possession and sale of controlled substances, and did not specifically list firearms, the seizure of the firearms was outside the warrant's scope. We do not agree.

In United States v. Ward, 171 F.3d 188, 195 (4th Cir. 1999), we stated that "guns are tools of the drug trade and are commonly recognized articles of drug paraphernalia." Thus, under the plan language of the warrant application, the seizure of firearms was authorized. Moreover, because the officers were lawfully present in the home and the firearms were discovered in the open, they were properly seized under the plain view doctrine. See United States v. Williams, 592 F.3d 511, 521 (4th Cir. 2010) (describing the scope of the plain view doctrine).

c.  May's Statements to Police

May next argues that his statements to police were invalid as fruits of the illegal search.  The Fourth Amendment requires the suppression of evidence that is the fruit of unlawful police conduct.  Wong Sun v. United States, 371 U.S. 471, 484 (1963).  Because the search was valid, May's claim that the statements must be suppressed fails.


II.  Sufficiency of the Evidence

May next argues that the evidence was insufficient to support any of his five convictions.  We review de novo challenges to the sufficiency of the evidence supporting a jury verdict.  United States v. Kelly, 510 F.3d 433, 440 (4th Cir. 2007).  "A defendant challenging the sufficiency of the evidence faces a heavy burden."  United States v. Foster, 507 F.3d 233, 245 (4th Cir. 2007).  We review a sufficiency of the evidence challenge by determining whether, viewing the evidence in the light most favorable to the government, any rational trier of fact could find the essential elements of the crime beyond a reasonable doubt.  United States v. Collins, 412 F.3d 515, 519 (4th Cir. 2005).  We review both direct and circumstantial evidence, and accord the government all reasonable inferences from the facts shown to those sought to be established.  United States v. Harvey, 532 F.3d 326, 333

(4th Cir. 2008). In reviewing for sufficiency of the evidence, we do not review the credibility of the witnesses, and assume that the jury resolved all contradictions in the testimony in favor of the government. Kelly, 510 F.3d at 440. We will uphold the jury's verdict if substantial evidence supports it, and will reverse only in those rare cases of clear failure by the prosecution. Foster, 507 F.3d at 244-45.

May challenges each count for which he was convicted, and we address each in turn.

### a. Count One

Because this count involved a conspiracy charge under 21 U.S.C. § 846, the Government was required to prove (1) an agreement between May and another person to engage in conduct that violated a federal drug law; (2) May's knowledge of the conspiracy; and (3) May's knowing and voluntary participation in the conspiracy. See United States v. Strickland, 245 F.3d 368, 384-85 (4th Cir. 2001). Since a conspiracy is by its nature clandestine and covert, it is generally proved by circumstantial evidence. United States v. Burgos, 94 F.3d 849, 857 (4th Cir. 1996) (en banc). Evidence tending to prove a conspiracy may include a defendant's relationship with other members of the conspiracy, and the existence of a conspiracy may be inferred from a development and collocation of circumstances.

9

Id. at 858. "Circumstantial evidence sufficient to support a conspiracy conviction need not exclude every reasonable hypothesis of innocence, provided the summation of the evidence permits a conclusion of guilt beyond a reasonable doubt." Id. (citation omitted).

May argues that, at best, the Government's evidence shows that he had a buyer-seller relationship with Kenney and Jefferson. Such a relationship is not, in and of itself, evidence of a conspiracy. United States v. Mills, 995 F.2d 480, 485 (4th Cir. 1993).

After review of the record, we are unpersuaded by May's claims. First, evidence of a buyer-seller relationship is relevant to "the issue of whether a conspiratorial relationship exists," United States v. Yearwood, 518 F.3d 220, 226 (4th Cir. 2008) (internal quotation marks omitted). Further, "[e]vidence of a buy-sell transaction coupled with a substantial quantity of drugs . . . support[s] a reasonable inference that the parties [are] co-conspirators." United States v. Reid, 523 F.3d 310, 317 (4th Cir. 2008) (internal quotation marks and ellipsis omitted). Similarly, continued relationships and repeated drug transactions between parties are indicative of a conspiracy, particularly when the transactions involve substantial amounts of drugs. Id.

Here, May's statements to police, coupled with Kenney's and Jefferson's testimony, indicate that May was involved in a longstanding relationship with both men that centered around the purchase, processing, and distribution of cocaine and cocaine base. May frequently "fronted" Jefferson cocaine base to distribute to others. Jefferson "cooked" cocaine into cocaine base for May. Kenney frequently purchased large quantities of cocaine base from May. In light of these facts, the jury was permitted to convict May of the conspiracy charge, and we will not disturb that conviction.

b. Count Two

May next argues that the evidence was insufficient to convict him of distribution of five grams or more of cocaine base. The Government sought to prove this charge through evidence that on April 21, 2008, Kenney conducted a controlled purchase of cocaine base from May wherein he purchased fourteen grams of cocaine base for $400. The elements of distribution are "(1) distribution of [a] narcotic controlled substance, (2) knowledge of the distribution, and (3) intent to distribute the narcotic controlled substance." United States v. Randall, 171 F.3d 195, 209 (4th Cir. 1999).

May argues that while witnesses agreed that Kenney was present in May's home on the day of the alleged controlled

11

transaction, several of his witnesses disputed Kenney's account. At bottom, May's challenge is based on a dispute over the credibility of the witnesses. The jury was entitled to believe Kenney's account over those of May's witnesses. It is, of course, axiomatic that we do not review the credibility of the witnesses. See Kelly, 510 F.3d at 440.

c. Count Three

May next argues that there was insufficient evidence for the jury to convict him of possession with intent to distribute. In order to establish a violation of § 841(a)(1), the government must prove beyond a reasonable doubt: "(1) possession of the controlled substance; (2) knowledge of the possession; and (3) intent to distribute." United States v. Hall, 551 F.3d 257, 267 n.10 (4th Cir. 2009). Possession may be actual or constructive. United States v. Rusher, 966 F.2d 868, 878 (4th Cir. 1992). "A person may have constructive possession of contraband if he has ownership, dominion, or control over the contraband or the premises or vehicle in which the contraband was concealed." United States v. Herder, 594 F.3d 352, 358 (4th Cir.), cert. denied, 130 S. Ct. 3440 (2010). Intent to distribute may be inferred if the amount of drugs found exceeds an amount normally associated with personal consumption. United States v. Wright, 991 F.2d 1182, 1187 (4th Cir. 1993).

12

On appeal, May argues that the only basis for his conviction for possession with intent to distribute was his statements made to police at the time of his arrest. He further claims that his statements cannot form the basis for his conviction because his wife testified that he was intoxicated at the time he was released from jail.

Again, we are unpersuaded. First, May's statements are sufficient on their own to form the basis of this conviction. Moreover, in executing the warrant, police discovered cocaine base and digital scales, packaging material, large amounts of currency, and firearms – all indicia of distribution. Finally, the Government offered rebuttal evidence attacking May's claim that he was intoxicated when he made statements to police, and we will not second-guess the jury's decision to credit the Government's witnesses over May's. In sum, this evidence is more than enough to form the basis of a conviction.

d. Count Four

May next argues that his conviction for possession of a firearm by a convicted felon was not supported by sufficient evidence. To support a conviction for being a felon in possession of a firearm under 18 U.S.C. § 922(g)(1), the government must prove the following elements: "(1) the

13

defendant previously had been convicted of a [felony]; (2) the defendant knowingly possessed . . . the firearm; and (3) the possession was in or affecting commerce, because the firearm had traveled in interstate or foreign commerce at some point during its existence." United States v. Moye, 454 F.3d 390, 394-95 (4th Cir. 2006) (en banc).

Here, three firearms were found in May's home. He conceded that he was a convicted felon and admitted that he possessed the firearms, and as we have already concluded that his statements were admissible, the evidence supports this conviction.

### e. Count Five

May argues that the Government did not adduce sufficient evidence to convict him of Count Five, possession of a firearm in furtherance of a drug trafficking offense. In order to prove a 18 U.S.C. § 924(c) violation, the Government must prove two elements: "(1) the defendant used or carried a firearm, and (2) the defendant did so during and in relation to a drug trafficking offense or crime of violence." United States v. Mitchell, 104 F.3d 649, 652 (4th Cir. 1997).

The Government adduced evidence that May possessed the firearms, two of which were located in the room where police discovered the strong evidence of drug distribution activities.

14

The Government also adduced uncontroverted expert witness testimony that drug dealers rely on firearms to protect themselves because they cannot avail themselves of traditional law enforcement services for protection. May claims that because not all of the guns were loaded, they were not used in furtherance of a drug crime. The presence of ammunition, however, is only one factor weighing in favor of concluding that the firearms were used in furtherance of a drug trafficking crime. Based on the location of the firearms, the presence of ammunition in the handgun seized, and May's statements, the jury could properly have convicted him of a violation of 18 U.S.C. § 924(c). We will therefore affirm May's convictions.

## III. Drug Quantity Calculation

Finally, May argues that the district court erred in calculating the amount of drugs attributable to him. The court concluded that May was accountable for 3304 grams of cocaine base. We review a sentence for reasonableness under an abuse-of-discretion standard. Gall v. United States, 552 U.S. 38, 51 (2007). A preserved objection to a sentence is reviewed for harmless error. See Puckett v. United States, 129 S. Ct. 1423, 1432 (2009) (noting that procedural errors at sentencing are "routinely subject to harmlessness review"); see also United States v. Lynn, 592 F.3d 572, 576 (4th Cir. 2010) (preserved

15

claims are reviewed for abuse of discretion, and if the court finds abuse, reversal is required unless the court concludes the error was harmless).

Here, the only claim of sentencing error raised by May is that the drug quantity was incorrect. However, as May was sentenced to the statutory mandatory minimum, any error in drug quantity calculation is clearly harmless. We therefore affirm his sentence.

Accordingly, we affirm the district court's judgment. Counsel's motion to withdraw/substitute counsel is denied. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>

16